**In re GARRETT ROAD SUPERMARKET, INC.**

**Bankruptcy No. 88–11524S.**
**Civ. No. 88–7142.**

United States District Court,
E.D. Pennsylvania.

Jan. 23, 1989.

Steven R. Fischer, Gary A. Rosen, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, for debtor.

Michael Halprin, Philadelphia, Pa., for NCB Development Corp.

J. Scott Victor, Philadelphia, Pa., for Creditors' Committee.

Terry Weiler, Wyomissing, Pa., for Wetterau.

Virginia Miller, Philadelphia, Pa., for ICA Revolving Loan Fund.

Gary Kozik, Philadelphia, Pa.

Peter Rosenthal, Philadelphia, for H.P. Sales Corp.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

■ Creditor/appellant Wetterau, Inc. appeals from an order of Bankruptcy Judge Scholl extending the time for debtor/appellee Garrett Road Supermarket, Inc. to decide to assume or reject an unexpired lease of property, 89 B.R. 514. The issue on appeal is whether the bankruptcy court retained jurisdiction, beyond the sixty-day period following the filing of the Chapter 11 petition, to rule on the debtor's timely motion for an extension of time under 11 U.S.C. § 365(d)(4), which governs the assumption or rejection of a lease of nonresidential real property.[1]

---

1. Appellee subsequently moved to assume and assign the sublease. After a hearing in which appellant's objections were considered, the bankruptcy court granted that motion on September 23, 1988, and appellant did not appeal. On the basis of these subsequent events, appellee argues that the present appeal is moot. Because the issue on appeal goes directly to the bankruptcy court's jurisdiction to grant the extension, in the absence of which the lease would be deemed rejected under 11 U.S.C. § 365(d)(4), I do not find this controversy moot.

The facts, which are not in dispute, establish the following chronology. On May 2, 1988 the debtor filed the underlying bankruptcy action. On June 29, 1988 it moved for an extension of time to assume or reject the unexpired lease on store property sub-leased from Wetterau, Inc. On July 27, 1988 the bankruptcy court held a hearing and granted an extension of time to October 1, 1988. Thus, the debtor's motion for an extension of time was *filed* within sixty days of its filing the Chapter 11 petition, but the bankruptcy court *ruled* on that motion after the sixty-day period ended.

The statute governing this dispute, 11 U.S.C. § 365(d)(4), provides:

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

Read in isolation, the words of the statute comport with appellant's proposed construction. But, as the Ninth Circuit shows in *In re Southwest Aircraft Services, Inc. v. Long Beach,* 831 .F.2d 848, 850 (9th Cir. 1987), *cert. denied,* — U.S. —, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988), the words do not compel that construction. And to adopt that construction—one which attributes to Congress the very unusual purpose of setting a time-table not simply for the

filing of certain motions, but for the time within which a court must act upon such motions in a civil case—is likely to produce results quite counterproductive to sound judicial administration of the bankruptcy process.[2]

As is shown by Judge Scholl's extensive review of the authorities, a number of courts have addressed whether section 365(d)(4) allows the court jurisdiction to act in such a circumstance. The only court of appeals to rule on the issue[3] has held that the bankruptcy court may rule on a timely motion for extension of time—that is, a motion filed within the sixty-day period— after the sixty-day period has ended. *In re Southwest Aircraft Services, Inc. v. Long Beach,* 831 F.2d 848 (9th Cir.1987), *rev'g* 66 B.R. 121 (Bankr.9th Cir.1986), *cert. denied,* — U.S. —, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). *See also In re Liberty Produce, Inc.,* Bankr. No. 88–11358, slip op. (Bankr.E.D.Pa. Aug. 30, 1988); *Tigr Restaurant, Inc. v. Rouse S.I. Shopping Center, Inc.,* 79 B.R. 954 (E.D.N.Y.1987), *rev'g* (Bankr.E.D.N.Y. Oct. 24, 1986); *In re Wedtech Corp.,* 72 B.R. 464 (Bankr.S.D.N.Y. 1987).

I see no reason to depart from the extensive analysis of the phrasing of section 365(d)(4), of its legislative history, and of Congressional intent in enacting it that is contained in *Southwest Aircraft* and in Judge Scholl's characteristically thoughtful opinion. I will therefore affirm the decision of the bankruptcy court. An appropriate order follows.

**2.** Among the "fortuitous and inequitable results" of a strict interpretation of section 365(d)(4), *Southwest Aircraft,* 831 F.2d at 851–53, are the unreasonable pressure on debtors to move for an extension as early as possible yet still act in good faith, the windfall to lessors in the event of court delay, and the difficulty of thorough, fair decision-making by the bankruptcy courts under such time limits.

An added reason to eschew such a literal construction is that to adopt it would pose serious constitutional questions: terminating a debtor's right to his leasehold interest upon the bankruptcy court's failure to hear a timely motion to extend time may well violate due pro-

cess. *Id.* at 853 n. 6 *citing Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (holding termination of property interest due to agency's failure to hear and decide a claim violates due process).

**3.** The Third Circuit has not addressed section 365(d)(4). In *United States v. Johnson,* 634 F.2d 94 (3d Cir.1980), it did reject a similarly strict interpretation of the time limits imposed by former Federal Rule of Criminal Procedure 35. Fed.R.Crim.Proc. 35 (amended in 1985 to clarify that the rule's 120–day time limit applied to defendants' filing of motions and not courts' rulings).