Albert D. **HUDDLESTON**, Appellant,

v.

**NELSON BUNKER HUNT TRUST ESTATE, et al.,** Appellees.

Civ. A. No. CA3–88–3134–D.
Bankruptcy No. 387–36380–HCA–11.

United States District Court,
N.D. Texas,
Dallas Division.

June 29, 1989.

---

Alan Sibarium of Alan D. Sibarium & Associates, Dallas, Tex. for appellant, Albert D. Huddleston.

Ivan Irwin, Jr. and Thomas Hoekstra of Shank, Irwin, Conant, Lipshy & Casterline, Dallas, Tex., for appellee, Nelson Bunker Hunt Trust Estate.

R. Paul Wickes, Robert W. Jones and Debra D. McCullough of Thompson & Knight, Dallas, Tex., for intervenor, NCNB–Texas Nat. Bank.

L.E. Creel, III, John B. Atwood, III, and Robert D. White of Creel Atwood & Phillips, P.C., Dallas, Tex., for appellee, William Herbert Hunt Trust Estate.

William T. Burke and Jack Gillis of Burke & Wright, Dallas, Tex., for appellee, Lamar Hunt Trust Estate.

Hugh M. Ray and Alan W. Harris of Andrews & Kurth, Dallas, Tex., and Melvyn L. Cantor, M.O. Sigal, Jr., John J. Kerr, Jr., Mark J. Thompson, Deborah M. Reyher and Richard B. Paige of Simpson Thacher & Bartlett, New York City, for appellee, Mfrs. Hanover Trust Co.

FITZWATER, District Judge:

In this appeal from an order confirming a plan of reorganization for a chapter 11 debtor-in-possession, two appellees move to supplement the record in order to support their motions to dismiss the appeal as moot. The court grants the motions to supplement, but raises *sua sponte* the question whether the underlying mootness issue should first be considered by the bankruptcy court.

### I.

The Nelson Bunker Hunt Trust Estate ("Nelson Estate") is a chapter 11 debtor-in-possession. On September 16, 1988, the bankruptcy court entered an order confirming the First Joint Consensual Plan of Reorganization for the Nelson Estate, the William Herbert Hunt Trust Estate ("Herbert Estate"), and the Lamar Hunt Trust Estate ("Lamar Estate"). One aspect of the Plan, described as the "centerpiece" by one appellee, is the settlement of multimillion dollar complex litigation commenced by the three trust estates, Placid Oil Company ("Placid"), Penrod Drilling Company ("Penrod"), and certain beneficiaries of the trust estates, against 23 banks that had made loans to Placid and Penrod. Appellant, Albert D. Huddleston ("Huddleston"), suing as next friend for his four children, chal-

lenges the confirmation order on various grounds.

Appellees[1] have moved to dismiss the appeal.[2] NCNB–Texas National Bank ("NCNB") argues that the appeal has been rendered moot because Placid, its subsidiaries, the Placid banks, and others have taken substantial, irreversible actions in reliance upon the plan confirmation order, because Huddleston failed to seek a stay of the order, and because the finality of the confirmation order in the chapter 11 bankruptcy of Placid renders moot appellant's challenge to the Nelson Estate confirmation order. Appellee, Manufacturers Hanover Trust Company ("MHT"), similarly contends that the appeal is moot for the reason that irreversible action has been taken in the absence of a stay, rendering the appellate court powerless to grant appellant its requested relief. MHT argues that the banks that were lenders to Penrod under a credit agreement with Penrod and the three trust estates have formed a land partnership to which the trust estates have conveyed substantial realty and several irreversible transactions have been consummated with third parties based upon the validity of the confirmation order. MHT avers that distributions have been made under the Plan to the Penrod lender-banks and numerous other parties. MHT also posits that the appeal should be dismissed on grounds of lack of equity because Huddleston did not move for a stay of the confirmation order and due to the substantial change in circumstances that has transpired following confirmation. The trust estates support the arguments proffered by the other appellees.

1. The status of the parties to this appeal is somewhat ambiguous, although the court finds no jurisdictional defect. The September 26, 1988 notice of appeal filed by Huddleston purports to appeal the bankruptcy court's September 16, 1988 order "confirming the plan of reorganization as it relates to the Nelson Bunker Hunt Trust Estate." The caption of the notice of appeal reflects only the Nelson Estate and its case number; the names of the Herbert and Lamar Estates, together with their respective case numbers, have been deleted by a handwritten strike-through. Nevertheless, all three estates are listed in the notice of appeal as appellees. Moreover, in certain agreed orders presented during the pendency of this appeal, all three estates and appellant have participated as parties to the appeal, even though the Herbert and Lamar Estates, in their May 4, 1989 motion to dismiss the appeal, state that they are not named as parties. (Mot.Dis. at 3).

This court has a special duty to satisfy itself of its own jurisdiction, even *sua sponte* if necessary. *In re Bowman*, 821 F.2d 245, 246 (5th Cir.1987). In the present appeal, the court finds no infirmity to the participation of appellees, the Herbert and Lamar Estates. Neither estate purports to cross-appeal, which would present a jurisdictional question. *Cf. Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 573 (N.D.Tex.1987), *aff'd*, 862 F.2d 513 (5th Cir.1988) (in absence of notice of cross-appeal appellate court lacks jurisdiction to consider appellee's attack on judgment). Instead, these parties intend to defend the merits of the bankruptcy court's order and to seek dismissal of the appeal. This they may do without filing a notice of cross-appeal. In the absence of appellant's objecting to their doing so, the court concludes that these parties may participate in the appeal.

The position of Manufacturers Hanover Trust Company ("MHT") is somewhat different in that it was not designated as an appellee in the notice of appeal. Nevertheless, like the two estates, it has participated in the submission of agreed orders as an appellee and Huddleston has treated MHT as a party to the appeal. MHT likewise does not seek to cross-appeal from the order. Because appellant has not objected to the participation of MHT in this appeal, the court sees no basis for precluding it from doing so.

By agreement of appellant and all the foregoing appellees, NCNB–Texas National Bank ("NCNB") has intervened in this appeal in support of the order in question and as a proponent of dismissing the appeal on the ground of mootness.

2. One appellee, MHT, also moves the court to take judicial notice of the first amended and consolidated complaint and three agreed court orders in *William Herbert Hunt v. Bankers Trust Co.*, CA3–86–1684–G (Fish, J.), the multimillion dollar bank litigation. *See Hunt v. Bankers Trust Co.*, 646 F.Supp. 59 (N.D.Tex.1986) (Sanders, J.). The court grants the motion.

Appellant is free, of course, to challenge the legal effect of these instruments on the pending motions to dismiss. He has not demonstrated, however, an impediment to this court's judicially noticing certain of the contents of its own records. *See Landy v. FDIC*, 486 F.2d 139, 151 (3d Cir.1973), *cert. denied*, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974) (judicial notice frequently taken of developments not of record in the application of mootness doctrine by appellate courts); *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (district court may judicially notice its own files and records).

In support of the mootness arguments, two appellees, MHT and the Nelson Estate, move the court for leave to supplement the appellate record. MHT seeks to add five affidavits that it contends describe events that occurred after the confirmation order was entered and that demonstrate the extent to which the Plan of Reorganization has been implemented. The Nelson Estate asks to incorporate one additional affidavit in the appellate record for the same purpose.[3]

## II.

### A.

■ The court first considers whether it should grant the motions to supplement the record.

Huddleston opposes the motions for several reasons. He contends that, if the affidavit evidence is admitted, he will be deprived of the right and ability to test the veracity of the witnesses who executed the affidavits. He argues that if supplementation is now allowed—after he has filed his appellant's brief—he will be placed "at a grave disadvantage." Appellant reasons that the use of affidavits which are not subject to cross-examination will violate his right to due process of law.

Huddleston also assails the evidentiary admissibility of portions of the affidavits on the grounds that they contain legal conclusions, are based on hearsay, or otherwise are not predicated upon personal knowledge. He likewise challenges the legal import of various passages in the affidavits.

---

**3.** Intervenor, NCNB, has filed an affidavit in support of its motion to dismiss. It has yet to obtain leave of court to supplement the record, however, and the affidavit is not properly before this court.

**4.** Fed.R.Civ.P. 43(e):
When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

**5.** Fed.R.Bankr.P. 9017:

The court rejects Huddleston's arguments to the extent they are offered to support outright exclusion of the affidavits. Pursuant to Fed.R.Civ.P. 43(e),[4] this court has the authority to hear a motion on affidavits when a motion is based on facts not appearing of record. The court may also direct that the matter be heard wholly or partly on depositions. Rule 43(e) is made applicable to bankruptcy cases by virtue of Fed.R.Bankr.P. 9017.[5] Huddleston is not deprived of a right to test the veracity of a witness merely because the witness' testimony is offered by affidavit. He likewise is not deprived of a right of cross-examination. Rules 43(e) and 9017 permit a motion to be decided on affidavits and without cross-examination.[6]

To the extent Huddleston has a basis for challenging the credibility of an affiant or the admissibility of his testimony, or to the extent he desires to offer his own evidence in opposition to appellees' affidavit evidence, appellant may do so by presenting counteraffidavits or by filing objections to the admissibility of appellees' testimony. Moreover, this court interprets Rule 43(e) to require at least a narrowly focused adversary hearing when the evidence presents a controlling credibility question. Huddleston's right to due process of law is thus protected. Movants cannot obtain the relief they seek solely on the basis of affidavits if the court must decide a controlling credibility question without personally hearing, and viewing the demeanor of, the pertinent witnesses. Huddleston, as non-movant, therefore has a full opportunity to challenge the movants' evidence.

Appellant is also entitled to challenge the legal sufficiency and effect of the evidence.

The Federal Rules of Evidence and Rules 43, 44 and 44.1 F.R.Civ.P. apply in cases under the Code.

**6.** This court's decision in *First RepublicBank Dallas v. Gargyle Corp.*, 91 B.R. 398 (N.D.Tex. 1988), is not to the contrary. In *Gargyle* the court vacated a bankruptcy court lift stay order because it was granted on the basis of an *ex parte* affidavit. *Id.* at 401. The court distinguished its holding from proceedings where Rules 43(e) and 9017 are applicable. *Id.* at 401 n. 5.

In addition to submitting counteraffidavits, the court will permit appellant to file a memorandum that sets forth the reasons for his contention that the testimony does not support the substantive relief appellees seek. Appellant's fear that he is placed "at a grave disadvantage" because affidavits have been admitted in the record after he has filed his brief is ameliorated by the court's permitting him to file a supplemental brief, if necessary, with leave of court.

The court grants the motions for leave to supplement the record with the six affidavits in question. Appellant may file counteraffidavits, and a memorandum in opposition to appellees' affidavit evidence, no later than July 20, 1989.

### B.

■ The court next considers *sua sponte* whether the mootness issue to which the affidavit—and any counteraffidavit—evidence relates should first be considered by the bankruptcy court. Although there are reported cases that employ various approaches, the court has located no decision that formulates a standard for distinguishing between dismissal motions that should be passed on directly by the district court and those that ought initially be considered by the bankruptcy court. The court holds today that the line should be drawn on the basis whether disposition of the motion will require the resolution of controlling disputed facts.

### –1–

As an appellate court, this court has the discretion to order supplementation of the record on appeal. *See In re GHR Energy Corp.*, 791 F.2d 1200, 1202 (5th Cir.1986) (per curiam); *Dickerson v. State of Alabama*, 667 F.2d 1364, 1367 (11th Cir.), *cert. denied*, 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). The Nelson Estate cites three cases for the proposition that the court can consider post-confirmation order events in determining whether a bankruptcy appeal has become moot: *In re Crystal Oil Co.*, 854 F.2d 79 (5th Cir.1988); *In re AOV Industries, Inc.*, 792 F.2d 1140, 1148 (D.C.Cir.1986); and *In re Information Dialogues, Inc.*, 662 F.2d 475 (8th Cir.1981) (per curiam). While these cases undoubtedly support the contention that an appellate court, particularly in a bankruptcy matter,[7] can determine whether an appeal has become moot, the decisions do not resolve the manner in which an appellate court should proceed when the controlling mootness evidence is disputed.

In *Crystal Oil* the district court dismissed an appeal as moot and that order was in turn appealed to the circuit court. 854 F.2d at 81. The Fifth Circuit's opinion does not indicate whether the parties disputed in the circuit court the controlling facts on the mootness question. It appears, however, that the party opposing dismissal conceded one apposite result of a successful appeal and that other pertinent matters were uncontested. *Id.* Nothing in the opinion intimates that the circuit court —or, for that matter, the district court— found facts on the mootness issue.

In *AOV Industries* the D.C. Circuit remanded a bankruptcy appeal to the district court to consider a motion to dismiss grounded upon mootness. 792 F.2d at 1144. The district court thereafter entered extensive findings and conclusions, *see In re AOV Industries, Inc.*, 43 B.R. 468, 475–80 (D.D.C.1984). In *Information Dialogues* the facts pertinent to the mootness question were "unchallenged" in the circuit court. 662 F.2d at 476.

Although this court's review of reported bankruptcy appeal decisions has disclosed no articulated standard for determining when resolution of the mootness question

---

7. *See In re Cummins*, 20 B.R. 652, 653 (9th Cir.BAP 1982) (on rehearing) ("on-going nature of bankruptcy proceedings, on occasion, creates situations where the reviewing court may take notice of fundamental events occurring after the entry of the judgment from which appeal was taken"); *see also In re Moody*, 817 F.2d 365, 367 (5th Cir.1987) ("Litigation in bankruptcy proceedings is, however, different from litigation in ordinary civil suits.... Bankruptcy matters ... may extend over a long period of time and involve a number of separate proceedings— some adversary in nature—which present issues distinct from the other issues in the bankruptcy matter").

**76**

will be remanded to the bankruptcy court, it is apparent that appellate courts do not decide the question on the basis of disputed facts.

In *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 68 B.R. 95, 99–100 (M.D.N.C.1986), *appeal dism'd*, 841 F.2d 92 (4th Cir.1988), the district court, without remanding the question to the bankruptcy court, dismissed an appeal as moot, but did so on the basis of "uncontested allegations of the Appellees, as supported by the bankruptcy court's order." *Id.* at 99. In addition, at oral argument of the appeal the appellant conceded that reversal of the confirmation order would render the reorganization plan invalid. *Id.* at 100.

In *In re Roberts Farms, Inc.*, 652 F.2d 793 (9th Cir.1981), the Ninth Circuit dismissed as moot the appeal of a district court order that had dismissed a bankruptcy appeal. There the Ninth Circuit utilized the approach of "request[ing] a report from the Appellees disclosing the extent to which the confirmed plan of arrangement had been implemented and consummated." *Id.* at 796. The appellants in *Roberts Farms* did not, however, dispute the report. *Id.*

In *Miami Center Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1557 (11th Cir.1988) (on rehearing), *cert. denied*, —— U.S. ——, 109 S.Ct. 69, 102 L.Ed.2d 46 (1989), the Eleventh Circuit held that the district court was required to dismiss an appeal as moot where the bankruptcy court had correctly found, and the district court had appropriately confirmed, that a plan of reorganization had been substantially consummated and that it had become legally and practically impossible to unwind the consummation of the plan or otherwise restore the status quo before confirmation.[8]

---

**8.** Other reported bankruptcy appeals that have been dismissed as moot apparently on the basis of undisputed facts are: *In re Cook*, 730 F.2d 1324 (9th Cir.1984); *American Grain Ass'n v. Lee–Vac, Ltd.*, 630 F.2d 245 (5th Cir.Unit A 1980); *In re Combined Metals Reduction Co.*, 557 F.2d 179 (5th Cir.1977); *In re Revere Copper & Brass, Inc.*, 78 B.R. 17 (S.D.N.Y.1987); *In re Clarke*, 98 B.R. 979 (9th Cir.BAP 1989).

–2–

This court holds that, when the controlling[9] evidence is disputed, the better course is to remand the issue to the bankruptcy court to consider any appropriate evidence, to supplement the appellate record accordingly, and to enter findings of fact and conclusions of law. *See A & S Liquidating Co. v. Carter*, 465 F.2d 359, 360 (5th Cir.1972) (per curiam) (remanding case for purpose of supplementing record). To dismiss an appeal on the basis of mootness, this court must find that the plan of reorganization has been so substantially consummated that effective relief is no longer available to the appellant. *In re Sun Country Development, Inc.*, 764 F.2d 406, 407 n. 1 (5th Cir.1985). The court may be called upon to consider several factors to resolve whether a discrete aspect of a challenge to a plan has become moot. "[I]n considering whether in a reorganization case matters not directly related to sales are within the mootness rule, the court may consider the virtues of finality, the passage of time, whether the plan has been implemented and whether it has been substantially consummated, and whether there has been a comprehensive change in circumstances." *Miami Center Ltd.*, 838 F.2d at 1555 (citing *AOV Industries*, 792 F.2d at 1148–49). The court may also consider "whether relief granted by the court could implicate or have an adverse effect on non-party creditors and will affect the re-emergence of the debtor as a revitalized entity." *Id.*

When the answers to these questions turn on disputed controlling facts, they are better resolved by the bankruptcy court. Although district judges predominantly sit as trial judges and are thus accustomed to deciding fact issues, this court finds no special justification for handling bankruptcy appeals on a hybrid fact-finding basis

---

**9.** There may be disputes regarding evidence on the mootness question that are inapposite to the court's decision. If these disputes do not stand in the path of the district court's resolution of the mootness issue, the court need not remand the matter to the bankruptcy court.

when the mootness question must be resolved on disputed controlling facts. Moreover, a bankruptcy judge who has presided over a case—especially a protracted chapter 11 reorganization—often will bring a larger perspective and familiarity to a matter that will promote greater precision in determining whether an appeal has been rendered moot in whole or in part. This determination will then be subject to review by the district court.[10]

### III.

The motions to supplement the appellate record are granted. The court concludes that appellant should be permitted to file counteraffidavits and a memorandum in opposition to appellees' affidavit evidence. The court will then determine if deciding the motion to dismiss will require the resolution of controlling disputed facts. If so, the court will remand the mootness issue to the bankruptcy court; if not, the court will itself decide the motions to dismiss.

SO ORDERED.

---

10. *AOV Industries* suggested, but did not decide, that the appellate court's review of the lower court's findings is made pursuant to the deferential "clearly erroneous standard." *See* 792 F.2d at 1147 ("After reviewing the record and the arguments before us, we find no reason to disturb the district court finding; consequently except to the extent specifically mentioned in this opinion, appellants' claims in the appeal before us … are moot").