Albert D. **HUDDLESTON**, et al., Appellants,

v.

**NELSON BUNKER HUNT TRUST ESTATE**, Appellee.

Civ. A. No. CA3–88–3134–D.

Bankruptcy No. 387–36380–HCA–11.

United States District Court, N.D. Texas, Dallas Division.

Oct. 26, 1989.

Alan Sibarium of Alan D. Sibarium & Associates, Dallas, Tex., for appellant, Albert D. Huddleston.

Ivan Irwin, Jr. and Thomas Hoekstra of Shank, Irwin, Conant, Lipshy & Casterline, Dallas, Tex., for appellee, Nelson Bunker Hunt Trust Estate.

R. Paul Wickes, Robert W. Jones and Debra D. McCullough of Thompson & Knight, Dallas, Tex., for intervenor, NCNB–Texas Nat. Bank.

L.E. Creel, III, John B. Atwood, III, and Robert D. White of Creel Atwood & Phillips, P.C., Dallas, Tex., for appellee, William Herbert Hunt Trust Estate.

William T. Burke and Jack Gillis of Burke & Wright, Dallas, Tex., for appellee, Lamar Hunt Trust Estate.

Hugh M. Ray and Alan W. Harris of Andrews & Kurth, Dallas, Tex., and Melvyn L. Cantor, M.O. Sigal, Jr., John J. Kerr, Jr., Mark J. Thompson, Deborah M. Reyher and Richard B. Paige of Simpson Thacher & Bartlett, New York City, for appellee, Manufacturers Hanover Trust Co.

FITZWATER, District Judge:

Appellees move to dismiss this appeal from an order confirming a plan of reorganization for a chapter 11 debtor-in-possession. For the reasons that follow, the court declines to dismiss the appeal.

I.

Albert D. Huddleston ("Huddleston"), suing as next friend for his four children, appeals the September 16, 1988 order of the bankruptcy court, 92 B.R. 172, confirming the First Joint Consensual Plan of Reorganization for the Nelson Bunker Hunt Trust Estate ("Nelson Estate"), the William Herbert Hunt Trust Estate ("Herbert Estate"), and the Lamar Hunt Trust Estate ("Lamar Estate").[1] The plan contains releases given by the Nelson Estate that excuse certain banks from all claims held by the Nelson Estate and certain other entities and affiliated persons. The banks involved had previously made loans to Placid Oil Company ("Placid") and Penrod Drilling Company ("Penrod"), entities controlled by the trust estates. In June 1986 the trust estates commenced litigation against the banks, seeking significant damages under various lender liability theories. The asserted claims arose from allegations of wrongful conduct in the course of negotiating and enforcing credit agreements between Placid and Penrod and the banks. This massive lender liability litigation was settled as part of the reorganization plan, and the banks were released from any claims of the trust estates.

Huddleston challenges the release of claims on the ground that the confirmation order extinguishes not only claims the trust estates may have, but also enjoins his children from pursuing future litigation against the banks. He argues the portion of the order that affects his children—who are heirs at law of Nelson Bunker Hunt—must be reversed because the children did not receive notice of the confirmation hearing and the bankruptcy court lacked jurisdiction to bar the children's claims.

Appellees, NCNB–Texas National Bank ("NCNB"), Manufacturers Hanover Trust Company ("MHTC"), and the trust estates, move to dismiss the appeal. NCNB argues the appeal is moot because Placid and its subsidiaries, the banks that made loans to Placid, and others have taken substantial, irreversible actions in reliance upon the plan confirmation order. NCNB also seeks dismissal of the appeal on the ground that Huddleston failed to seek a stay of the order and that the finality of the confirmation order in the Placid bankruptcy proceeding renders moot appellant's challenge to the Nelson Estate confirmation order.[2] MHTC similarly contends the appeal is moot because irreversible action has been taken in the absence of a stay, rendering this court powerless to grant appellant any requested relief. MHTC also argues the appeal should be dismissed because Huddleston did not move for a stay of the confirmation order and substantial changes in circumstances have now occurred. The trust estates support the arguments proffered by the other appellees.

Huddleston responds that the appeal is not moot because the nature of the appeal

---

1. The facts of this case, briefly recounted here, are set out more fully in *Huddleston v. Nelson Bunker Hunt Trust Estate,* 102 B.R. 71 (N.D.Tex. 1989).

2. Huddleston avers he need not have appealed the Placid confirmation order because his children were specifically "carved out" of that order by agreement of NCNB.

concerns the jurisdiction of the bankruptcy court to enjoin his children from pursuing future litigation, the order violated his children's right to due process of law, and this court can grant relief without undoing transactions already undertaken pursuant to the confirmation order.[3]

## II.

The mootness doctrine is premised on the fundamental jurisdictional tenet that federal courts are empowered to hear only live cases and controversies. U.S. Const. art. III, § 2; *In re Texaco Inc.*, 92 B.R. 38, 45 (S.D.N.Y.1988). An appeal is properly dismissed as moot when an appellate court lacks power to provide an effective remedy for an appellant should it find in his favor on the merits. *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); *In re Commodore Corp.*, 86 B.R. 564, 569 (N.D.Ind.1988). The mootness doctrine avoids advisory opinions on abstract propositions of law, *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 201, 24 L.Ed.2d 214 (1969), and is applicable to bankruptcy appeals.[4]

With respect to the appeal of a confirmed reorganization plan, it is generally settled that a court should dismiss an appeal as moot when the plan has been "so substantially consummated that effective judicial relief is no longer available."[5] *In re Sun Country Dev., Inc.*, 764 F.2d 406, 407 n. 1 (5th Cir.1985); *see Thibaut v. Ourso*, 705 F.2d 118, 120–21 (5th Cir.1983); *American Grain Ass'n v. Lee–Vac., Ltd.*, 630 F.2d 245, 247 (5th Cir. Unit A 1980); *see also Miami Center Ltd. Partnership v. Bank of N.Y.*, 838 F.2d 1547, 1554–1555 (11th Cir.), *cert. denied*, ─── U.S. ───, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988); *In re A.O.V. Indus., Inc.*, 792 F.2d 1140, 1146–1147 (D.C.Cir.1986). There are exceptions to the general rule, however, two of which are applicable here.

Huddleston seeks reversal of the portion of the reorganization plan that enjoins his

---

**3.** Huddleston has also submitted pleadings in response to the court's June 29, 1989 order. *See Huddleston*, 102 B.R. 71. In that order the court *sua sponte* raised the question whether mootness evidence presented in affidavits submitted by two of the appellees should first be considered by the bankruptcy court. *Id.* at 72, 75. The court held that, when disposition of the motion to dismiss requires the resolution of controlling disputed facts, the proper course is to remand the mootness issue to the bankruptcy court to enter findings of fact and conclusions of law. *Id.* at 76. Huddleston has submitted a memorandum in opposition to appellees' affidavit evidence, but has not come forth with any counteraffidavits. Huddleston argues the affidavits submitted by appellees are inadmissible for a variety of reasons.

MHTC responds that Huddleston's failure to submit counteraffidavits establishes there are no issues of fact to be resolved. Thus, MHTC argues the motion to dismiss need not be remanded to the bankruptcy court. In addition, MHTC posits that all affidavits submitted in connection with the motion to dismiss are admissible pursuant to Fed.R.Evid. 803(24). The trust estates argue the affidavit they submitted is admissible because the affiant is testifying as an expert.

Huddleston does not directly contest the evidence reflecting substantial consummation of the reorganization plan. Instead, he argues the issue of substantial consummation is not relevant because the court can grant relief to his children without reversing any of the transac-

tions carried out under the confirmation order. Because Huddleston does not challenge appellees' contention that substantial consummation has occurred, the court concludes that no controlling disputed facts are presented. Accordingly, there is no reason to remand this action to the bankruptcy court. *See Huddleston*, 102 B.R. at 76 n. 9.

**4.** 11 U.S.C. § 363(m) expressly preserves the mootness standard:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The parties do not contend § 363(m) applies to this appeal.

**5.** 11 U.S.C. § 1101(2) defines substantial consummation as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

children from pursuing future litigation.[6] He challenges the bankruptcy court's jurisdiction and asserts that confirmation of the plan violated his children's right to due process of law.[7]

It is axiomatic that an alleged lack of subject matter jurisdiction may be raised at any time by a party or by the court *sua sponte. In re Ryther*, 799 F.2d 1412, 1414 (9th Cir.1986); *In re Crystal Sands Properties*, 84 B.R. 665, 666–667 (9th Cir. BAP 1988). An appellate court is under a duty, moreover, to ensure that the lower court has not exceeded its jurisdiction. *Sumner v. Mata*, 449 U.S. 539, 547 n. 2, 101 S.Ct. 764, 769 n. 2, 66 L.Ed.2d 722 (1981) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)); *see United States v. Alabama*, 791 F.2d 1450, 1454 (11th Cir.1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987) (circuit court authorized to examine jurisdiction *sua sponte* even though district court did not consider it). Absence of subject matter jurisdiction may render a judgment void where a court extends its jurisdiction beyond the scope of its authority. *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir.1984); *see Alabama Hosp. Ass'n v. United States*, 228 Ct.Cl. 176, 656 F.2d 606, 610 (1981), *cert. denied*, 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982) (decision by court lacking subject matter jurisdiction is *void ab initio* ); *Crystal Sands*, 84 B.R. at 667 (judgment entered without jurisdiction is void).[8]

Similarly, a judgment entered in a manner inconsistent with due process of law is void.[9] *E.g., In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir.1985); *In re Downtown Inv. Club III*, 89 B.R. 59, 62–63 (9th Cir. BAP 1988). Due process in the bankruptcy context requires that individual notice be given before rights can be affected. *Downtown Inv. Club*, 89 B.R. at 63. Hence, if Huddleston is correct that his children's due process rights were violated, that portion of the reorganization plan binding the children must be set aside.

Appellant's failure to seek a stay does not affect this analysis. In *In re Blumer*, 66 B.R. 109 (9th Cir. BAP 1986), *aff'd*, 826 F.2d 1069 (9th Cir.1987), the court considered an appeal from a bankruptcy court order approving a loan made to a chapter 11 debtor. The loan was made to enable the debtor to continue his business in operation, and the lender received a first priority deed of trust on the debtor's residence. After the debtor converted the case to a chapter 7 proceeding, the lender moved for relief from the automatic stay in order to commence a foreclosure action against the debtor's residence. An unsecured creditor who had not been given notice of the court-approved lien on the residence moved to set aside the deed of trust. The residence was eventually sold, and the deed of trust upheld. *Id.* at 111, 112.

The unsecured creditor appealed the order upholding the deed of trust. No stay was obtained pending appeal. *Id.* at 112. The lender argued the failure to obtain a stay rendered the appeal moot because the proceeds from the sale of the residence were distributed by the trustee. The appellate court expressly rejected this contention, holding "this appeal is not moot because the court order is not only in error

---

6. In his affidavit in response to the motions to dismiss the appeal, appellant states "[i]t is my intent by this appeal not to undo the entire Hunt Trust reorganization or to affect the Placid reorganization in any way other than as was agreed to in Placid." Appellant contends his sole aim is to preserve his children's right to pursue future claims against the banks. The relief appellant seeks on appeal is a reversal of the plan "to such extent that [it] will not be binding upon and have no res judicata or collateral estoppel effect upon the children." Appellant does not object to or seek reversal of those portions of the plan not directly affecting his children.

7. He also contends this court can grant relief without reversing transactions previously carried out under the reorganization plan.

8. *But see In re Sax*, 796 F.2d 994, 998 (7th Cir.1986) (appeal dismissed as moot despite bankruptcy court's alleged lack of jurisdiction because appellant did not obtain stay required by § 363(m)).

9. Bankruptcy proceedings are subject to the Fifth Amendment. *United States v. Security Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed.2d 235 (1982).

but is void under the due process clause of the fifth amendment." *Id.* at 113. The court held that 11 U.S.C. § 364(e), which provides a good faith exception similar to that found in § 363(m), does not protect a lender where there has been an unconstitutional denial of due process. *Id.* at 114.

In *In re Garrett Rd. Supermarket, Inc.*, 95 B.R. 902 (E.D.Pa.1989), the district court considered an appeal from a bankruptcy court order extending the time for the debtor to assume or reject an unexpired lease. The debtor filed its motion within the statutory period, but the bankruptcy court did not rule on the motion until after the period had elapsed. The appellant argued the bankruptcy court had no jurisdiction to order an extension of time once the statutory period had expired. 95 B.R. at 902, 903. Appellee moved to dismiss the appeal as moot because the lease had been assumed and assigned pending appeal of the original extension order. *Id.* at 902 n. 1. The district court rejected appellee's argument, stating the appeal was not moot "because the issue on appeal goes directly to the bankruptcy court's jurisdiction to grant the extension." *Id.*

The issues presented in the instant appeal concern both the jurisdiction of the bankruptcy court and the efficacy of its actions under the Fifth Amendment Due Process Clause. If the bankruptcy court exceeded its statutory jurisdiction in enjoining the children from pursuing future litigation against the banks, or if the children's due process rights have been violated, that portion of the order that binds the children is void. The court cannot resolve this question without considering the merits of the appeal. The motion to dismiss the appeal as moot must therefore be denied.[10]

SO ORDERED.

---

10. Given appellees' need to make ongoing business decisions based upon the plan of reorganization, the court emphasizes the limited nature of this ruling. The only aspect of the appeal that remains for decision is appellant's chal-

lenge to the portion of the confirmation order that binds the Huddleston children. The substantial balance of the order remains unchallenged.