**In re ADVANCED ELECTRONICS, INC., Debtor.**

**Bankruptcy No. 5–89–00221.**

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 1, 1989.

See also, Bkrtcy., 107 B.R. 503.

J. Gregg Miller, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for trustee, John H. Doran.

Allen E. Ertel, Williamsport, Pa., for movant, Lyco Computer Marketing & Consulting.

### OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is a Motion of Lyco Computer Marketing & Consulting (hereinafter "Lyco") requesting this Court to vacate its Order of September 19, 1989 extending the time imposed by Bankruptcy Code § 365(d)(4) for the Trustee to assume or reject a non-residential lease of real estate. For the reasons provided herein, we deny Lyco's Motion.

This bankruptcy was commenced by the filing of an involuntary Chapter 11 petition on March 17, 1989 and thereafter, on April 18, 1989 an Order for relief was granted. A Trustee was appointed two days later on April 20, 1989. The Trustee filed a Motion to Extend the Time to Assume or Reject a Non–Residential Lease of Real Estate on June 13, 1989 and a hearing was scheduled and held on June 19, 1989. The Trustee

requested additional time to September 18, 1989 in which to make a decision. At the time of the hearing, it became apparent that Lyco's Objection to the motion was never served upon the Trustee. Additionally, the Trustee was surprised by being presented with more than one lease concerning the subject real estate and was in no position at that time to make a rational, well-informed judgment as to whether or not assumption of either lease would be in the best interests of the estate. The Trustee requested, and was granted, additional time to review the leases, conduct discovery and file an answer to Lyco's objection. Consequently, a decision was not made and an order was not entered on the Trustee's Motion for Extension of Time.

On September 18, 1989, the Trustee filed another motion for extension and requested additional time through and including October 16, 1989. This Court approved the Motion by Order on September 19, 1989. It is this Order which is the subject of the instant motion to vacate.

## DISCUSSION

The statute governing this dispute is 11 U.S.C. § 365(d)(4) which provides as follows:

(d)(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

In both its motion to vacate order and brief in support, Lyco exhibits a fundamental misunderstanding of the provisions of § 365(d)(4). Lyco initially argues that because the Court did not enter an order specifically granting an extension of time to file a motion to assume or reject a lease within 60 days from the initial filing the lease automatically was rejected. Lyco is reading into § 365(d)(4) a requirement that simply does not exist. A debtor must file its motion to show cause why the 60 day period must be extended within the initial 60 day period following the filing of the bankruptcy petition. See *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848, 849 (9th Cir.1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). The Trustee's initial motion for an extension of the time was filed well within the 60 days following the order for relief. This issue was recently presented to the United States District Court, Eastern District of Pennsylvania, in the case of *In re Garrett Road Supermarket, Inc.*, 95 B.R. 902 (E.D. Pa.1989). The Court wrote the following at page 903:

"The only court of appeals to rule on the issue has held that the bankruptcy court may rule on a timely motion for extension of time—that is, a motion filed within the sixty-day period—after the sixty-day period has ended. *In re Southwest Aircraft Services, Inc. v. Long Beach*, 831 F.2d 848 (9th Cir.1987), *rev'g* 66 B.R. 121 (Bankr. 9th Cir.1986), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). *See also In re Liberty Produce, Inc.*, Bankr. No. 88–11358, slip op. (Bankr.E.D.Pa. Aug. 30, 1988); *Tigr Restaurant, Inc. v. Rouse S.I. Shopping Center, Inc.*, 79 B.R. 954 (E.D. N.Y.1987), *rev'g* (Bankr.E.D.N.Y. Oct. 24, 1986); *In re Wedtech Corp.*, 72 B.R. 464 (Bankr.S.D.N.Y.1987)."

The proposed construction of the wording of § 364(d)(4) which Lyco requests this Court to adopt does not only pressure the debtor to move for extension quickly, but also places unreasonable burdens on the Court's docket. Once again, we turn to the *In re Garrett Road Supermarket, Inc.* case where Judge Louis H. Pollock wrote the following at page 903 concerning the impact Lyco's proposed construction of § 364(d)(4) would have on a Court's ability to render thorough and fair decisions under restricted time limitations:

"Read in isolation, the words of the statute comport with appellant's proposed construction. But, as the Ninth

Circuit shows in *In re Southwest Aircraft Services, Inc. v. Long Beach*, 831 F.2d 848, 850 (9th Cir.1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988), the words do not compel that construction. And to adopt that construction—one that attributes to Congress the very unusual purpose of setting a time-table not simply for the filing of certain motions, but for the time within which a court must act upon such motions in a civil case—is likely to produce results quite counterproductive to sound judicial administration of the bankruptcy process." (Footnote omitted).

Not only was the Trustee's Motion timely filed, but he also demonstrated adequate cause for the extension at the hearing. We will not depart from the holdings in both the *In re Garrett* and *Southwest Aircraft, Inc.*, cases, *supra*, and therefore, we find that this Court has jurisdiction to rule on the Trustee's timely filed motion for extension under § 364(d)(4).

The second argument raised by Lyco is that the motion presented to the Court on September 18, 1989 was filed outside the original 60 day period and, therefore, must fail. "Where cause arises within the first 60 days and the Bankruptcy Court enlarges the time for assumption or rejection beyond that period, § 365(d)(4) permits the Court to grant further extensions if cause justifies delay." See *In re Victoria Station, Inc.*, 875 F.2d 1380, 19 B.C.D. 1090 (9th Cir.1989). As noted above, the Trustee demonstrated cause for the extension at the June 19, 1989 hearing. At the time the second motion for extension was presented by the Trustee, the Court was satisfied that a further extension was justified under the circumstances.

Finally, Lyco argues that its due process rights under the United States Constitution were violated because this Court signed an ex parte order on September 19, 1989 extending the time to assume or reject the lease until October 16, 1989. Addressing this very issue the *In re Victoria Station, Inc.* court writes at page 1093 that: "The Bankruptcy Rules do not require notice and a hearing before the Court may grant a debtor's motion for an extension of time under § 365(d)(4)." Lyco has argued that Bankruptcy Rules 6006 and 9014 require that these contested matters be heard on notice and with an opportunity for hearing. Once again, we note that we are not dealing with a final decision on a motion to assume or reject a lease, but rather are dealing with a motion for an extension of time to file the motion for assumption or rejection of the lease. Notice and an opportunity to be heard are required for proceedings which are accorded finality. See *In re Victoria Station, Inc., supra*, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). As in the *Victoria Station* case, the order signed by this Court on September 19, 1989 merely preserves the status quo existing between the litigants and did not effect finality upon any of the rights of the parties.

Based upon the foregoing, Lyco's Motion to Vacate this Court's Order of September 19, 1989 granting the Trustee an extension of time to assume or reject the lease is DENIED.

IT IS SO ORDERED.