Albert D. HUDDLESTON, Appellant,

v.

NELSON BUNKER HUNT TRUST
ESTATE, et al., Appellees.

Civ. A. No. CA3–88–3134–D.

Bankruptcy No. 387–36380–HCA–11.

United States District Court,
N.D. Texas,
Dallas Division.

July 19, 1990.

---

Alan Sibarium of Alan D. Sibarium & Associates, Dallas, Tex., for appellant, Albert D. Huddleston.

Ivan Irwin, Jr. of Vinson & Elkins, Dallas, Tex., for appellee, Nelson Bunker Hunt Trust Estate.

R. Paul Wickes, Robert W. Jones and Debra D. McCullough of Thompson & Knight, Dallas, Tex., for intervenor, NCNB–Texas Nat. Bank.

L.E. Creel, III, John B. Atwood, III, and Robert D. White of Creel Atwood & Phillips, P.C., Dallas, Tex., for appellee, William Herbert Hunt Trust Estate.

William T. Burke and Jack Gillis of Burke & Wright, Dallas, Tex., for appellee, Lamar Hunt Trust Estate.

Hugh M. Ray and Alan W. Harris of Andrews & Kurth, Dallas, Tex., and Melvyn L. Cantor, M.O. Sigal, Jr., John J. Kerr, Jr., Mark J. Thompson, Deborah M. Reyher and Richard B. Paige of Simpson Thacher & Bartlett, New York City, for appellee, Manufacturers Hanover Trust Co.

FITZWATER, District Judge:

This appeal from an order of the bankruptcy court confirming a plan of reorganization primarily presents the questions whether the bankruptcy court approved the plan without adequate notice to appellant and whether the bankruptcy court exceeded its jurisdiction by requiring the release of certain claims.

## I

This appeal is the subject of two prior published opinions of this court. *See Huddleston v. Nelson Bunker Hunt Trust Estate,* 102 B.R. 71 (N.D.Tex.1989) (on motion to dismiss appeal); *Huddleston v. Nelson Bunker Hunt Trust Estate,* 109 B.R. 197 (N.D.Tex.1989) (same). The order of the bankruptcy court from which this appeal is taken is also published. *See In re William Herbert Hunt Trust Estate,* 92 B.R. 172 (Bankr.N.D.Tex.1988). The court does not, therefore, repeat the background facts set out in those opinions.

Appellant Albert D. Huddleston ("Huddleston"), acting as next friend for his four minor children, appeals the First Joint Consensual Plan of Reorganization for appellee Nelson Bunker Hunt Trust Estate ("Nelson Estate"). Part of the Plan terminates litigation between the Nelson Estate and certain banks that had previously made loans to Placid Oil Company ("Placid") and Penrod Drilling Company ("Penrod"). *See Huddleston,* 102 B.R. at 73 n. 2. Placid and Penrod are entities controlled in part by the Nelson Estate. The Plan requires the Nelson Estate to execute releases in favor of these banks and to agree to indemnify the banks for any liability incurred as a result of future litigation. The Plan also appears to release any claims Huddleston's children may have against the banks arising from events that formed the basis for the lender liability litigation and to enjoin the children from pursuing any such claims.

Huddleston appeals the Plan as it relates to the rights of his children, contending the Plan is void because it was entered without notice to the children in violation of their right to due process of law and because the bankruptcy court lacked jurisdiction to order the releases and enjoin the children from pursuing future litigation against the lender banks. Appellee Manufacturers Hanover Trust Company ("MHT"), acting on behalf of the banks, responds that no due process concerns are present because

Huddleston received actual notice of the confirmation proceedings, and avers Huddleston's jurisdictional arguments are misconceived. Appellee Nelson Estate contends the instant appeal is precluded by the terms of the underlying trust instrument.[1]

## II

### A

Huddleston first argues the Plan as it affects the rights of his children must be vacated because it was confirmed without notice to the children and therefore violates their right to due process of law.

The court has previously recognized in this case that a judgment entered in a manner inconsistent with due process of law is void. *Huddleston,* 109 B.R. at 201 (citations omitted). Due process in the bankruptcy context requires that individual notice be given before rights can be affected. *Id.* Here the bankruptcy court, after hearing evidence, specifically found that proper and adequate notice of the confirmation hearings had been afforded to all persons entitled to receive such notice. This court cannot disturb this factual finding unless it is clearly erroneous. *In re Ambassador Park Hotel, Ltd.,* 61 B.R. 792, 798 (N.D.Tex.1986) (bankruptcy court's findings of fact and inferences drawn from facts are reviewed under clearly erroneous standard). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Holloway v. HECI Explor. Co. Employees' Profit Sharing Plan,* 76 B.R. 563, 573 (N.D.Tex.1987) (citing *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)), *aff'd,* 862 F.2d 513 (5th Cir.1988). If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it. *Holloway,* 76 B.R. at 573.

---

**1.** Given the court's disposition of this appeal, the court need not reach the arguments advanced by the Nelson Estate.

■ The court cannot conclude the bankruptcy court clearly erred in this finding. The record makes patent, and Huddleston does not directly dispute, that Huddleston was at all times aware of the confirmation proceedings and at one time appeared in the proceedings acting as next friend for the children.[2] The record also establishes that: (1) the disclosure statement approved by the bankruptcy court on July 25, 1988 was mailed to "Albert D. Huddleston and Family" on or before August 4, 1988; (2) Huddleston received notice of the commencement date for the confirmation hearings and the bar date; and (3) Huddleston was hand-delivered notice of the hearings related to modifications of the Plan on September 13, 1988. The record therefore supports the bankruptcy judge's finding that notice was given to all parties entitled to receive such notice and the finding is not clearly erroneous.

■ Huddleston seeks to avoid the evidence of notice contained in the record by asserting that the Plan is defective because it failed to comply with the notice requirements of Tex. Property Code Ann. § 115.015 (Vernon 1984). Section 115.015 requires notice by registered or certified mail in an "action based on a contract executed by the trustee or in an action against the trustee as representative of the trust for a tort committed in the course of a trustee's administration." Assuming without deciding that § 115.015 retains force in cases of bankruptcy, it clearly is inapplicable here. This is neither an "action on a contract executed by the trustee" nor an "action … for a tort committed in the course of the trustee's administration." While the bankruptcy court incorporated a reference to § 115.015 in its notice findings, *see* 92 B.R. at 173, the finding is mere surplusage given the inapplicability of that provision.

The bankruptcy court's determination that all interested persons received proper notice was not clearly erroneous. Appellant's due process challenge to the Plan must therefore fail.

### 2

■ Huddleston next contends the bankruptcy court exceeded its jurisdiction and violated 11 U.S.C. § 524(e) by requiring the releases.

Section 524(e) provides, in pertinent part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of another entity for, such debt." This provision of the Bankruptcy Code was " 'intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.' " *In re Jet Florida Sys., Inc.*, 883 F.2d 970, 973 (11th Cir.1989) (quoting 3 R. Babbitt, A. Herzog, R. Mabey, H. Novikoff & M. Sheinfeld, *Collier on Bankruptcy* ¶ 524.01 at 524–16 (15th ed. 1987) (emphasis omitted)). In its clearest application, § 524(e) operates to ensure that a discharge in bankruptcy does not affect the liability of a guarantor on an underlying debt. *See, e.g., Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 984 (5th Cir.1990); *In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1351 (5th Cir.1989). *Cf. Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1050–54 (5th Cir.1987).

Huddleston contends the Plan violates § 524(e) because it purports to release claims the children may have against the lender banks. Huddleston's concerns have largely been rendered moot by representations made by MHT on behalf of the banks. Both in its brief and at oral argument, MHT conceded that the bankruptcy court lacked jurisdiction to release any non-derivative[3] claims the children may have

---

**2.** At oral argument of this appeal, Huddleston for the first time contended that actual notice to him was insufficient to constitute notice to his children. Huddleston avers that the bankruptcy court was instead required by Fed.R.Civ.P. 17 to appoint a guardian *ad litem* for the children. Because Huddleston did not raise these arguments in his brief, the court declines now to

consider them. *See Yaquinto v. Greer,* 81 B.R. 870, 876 n. 4 (N.D.Tex.1988).

**3.** Huddleston does not dispute that the Plan could lawfully release all claims the children may have derivatively through the Nelson Estate.

against the lender banks. But MHT contends the releases contained in the Plan do not bar the children from pursuing claims they may have in their own right against the lender banks and therefore § 524(e) is not implicated.

The court agrees with MHT. Because the banks have conceded that potential non-derivative claims asserted by the children are not barred by the releases, the court need not decide whether the bankruptcy court erred in approving this aspect of the Plan. On the basis of MHT's representations, the court concludes the Plan does not bar non-derivative claims asserted by the children against the lender banks.

### 3

The court's conclusion that the children are not barred from asserting non-derivative claims against the lender banks essentially gives Huddleston all the relief he seeks on appeal.[4] The court therefore addresses only briefly Huddleston's remaining contentions.

 Huddleston contends the Plan violated the trust instrument and state law because it required the Nelson Estate to issue and deliver indemnities to the lender banks. The court disagrees. Article I, Section 4 of the trust instrument specifically empowers the trustee to execute releases and to perform any actions properly incident thereto. This broad grant of power in the trust instrument makes clear the power of the trustee to settle disputes that may arise. The bankruptcy court did not err by approving the exercise of that power with respect to execution and delivery of the indemnities.

Huddleston argues the Plan cannot be binding upon the children because they re-

ceived no notice of its contents. The court rejects this contention for the reasons stated above.

Huddleston posits the Plan should not have been approved because it did not comply with all provisions of the Bankruptcy Code. To prevail on this argument, Huddleston must demonstrate some violation of federal or state law. The record is devoid of any violation. Huddleston's argument therefore fails.

Huddleston finally asserts that the bankruptcy court erred by enjoining the children without evidence and "contrary to the Bankruptcy Rules." According to Huddleston, the bankruptcy court lacked authority to grant injunctive relief under 11 U.S.C. § 105(a)[5] because no adversary proceeding was initiated pursuant to Fed.R.Bankr.P. 7001.[6] Huddleston also avers that the injunctive relief entered by the bankruptcy court violated Fed.R.Bankr.P. 7065 and Fed.R.Civ.P. 65.[7] MHT responds that the injunctive provisions were authorized by 11 U.S.C. § 105(a).

The court need not resolve Huddleston's contentions. The injunctive provisions at issue purport to accomplish three purposes: (1) retain the bankruptcy court's jurisdiction over specified matters; (2) bar suits with respect to actions taken during the course of the bankruptcy proceedings or pursuant to the confirmed plan; and (3) bar suits on released claims. Huddleston does not directly challenge the first two effects of the provisions, but presumably objects to the provision that bars suits on released claims. The court has already held above that the releases apply only to derivative claims and therefore do not bar rights of recovery that the children may have of

---

4. Huddleston stated at oral argument that he seeks reformation of the Plan to make clear that non-derivative claims are not precluded by the Plan. Given the unequivocal representation made by the banks through MHT, the court discerns no reason to remand the Plan to the bankruptcy court for reformation.

5. 11 U.S.C. § 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

6. Fed.R.Bankr.P. 7001(7) provides that "[a]n adversary proceeding ... is a proceeding (7) to obtain an injunction or other equitable relief."

7. Fed.R.Bankr.P. 7065 provides that Fed.R. Civ.P. 65 is applicable in bankruptcy proceedings. Fed.R.Civ.P. 65 sets forth the procedural requirements necessary for issuance of injunctive relief.

their own. It necessarily follows that the Plan does not enjoin the children from presenting non-derivative claims. Because the injunctive provisions do not bar such claims, and therefore do not implicate the concerns Huddleston raises on appeal, the court need not decide whether the injunctive provisions of the Plan are defective.

The order of the bankruptcy court confirming the First Joint Consensual Plan of Reorganization is in all respects

AFFIRMED.