In re Douglas CLARKE, Debtor.

Douglas CLARKE, Appellant,

v.

Charles DUCK, Marie Cox, Savings Bank of Mendocino County, and Susan Clarke, Appellee(s).

BAP No. NC–86–2156 MoMeP.

Bankruptcy No. 1–84–00656.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 18, 1989.

Decided April 27, 1989.

John T. Hansen, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for appellant.

Harvey W. Hoffman, Hoffman & Hoffman, Santa Rosa, Cal., for appellees.

Before MOOREMAN, MEYERS and PERRIS, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal was filed by the debtor, seeking to set aside an Order Confirming Plan of Reorganization. The relevant facts are as follows:

The bankruptcy case was commenced as an involuntary petition on June 6, 1984. The debtor converted the proceedings to Chapter 11 on September 7, 1984, and a Chapter 11 trustee was appointed on March 26, 1985. After a period of over two years without a plan being proposed, the debtor's ex-wife Susan Clarke,[1] filed her Disclosure Statement and proposed Plan of Reorganization on September 15, 1986. At the time the plan was filed, various motions for relief from stay were pending with regard to the debtor's real property assets.

After seeking to convert the case to a Chapter 7, the debtor then filed an objection to the Disclosure Statement,[2] essentially alleging that it did not provide adequate information. The bankruptcy court denied the debtor's objection and the Disclosure Statement was approved on October 28, 1986. The debtor did not seek to appeal the order approving the Disclosure Statement.

The hearing on the confirmation of the plan was scheduled for November 23, 1986. Six days prior to the hearing, the debtor filed an objection to Susan Clarke's claim, but did not seek an order shortening time so that the claim objection could be heard at or before the hearing on confirmation of the plan. Rather, the hearing on the debtor's objection was set for December 18, 1986. Three days prior to the confirmation hearing, the debtor filed an objection to confirmation which essentially attacked the amount and treatment of Susan Clarke's claim.

At the scheduled confirmation hearing, Susan Clarke filed two declarations in support of confirmation and the Chapter 11

---

1. Throughout the period from the filing of the bankruptcy petition through the confirmation of the plan, the debtor and Susan Clarke were parties to a marriage dissolution proceeding pending in state court.

2. The debtor's objection was not filed until the day of the hearing on the Disclosure Statement.

trustee appeared and supported confirmation of the plan. All secured creditors voted to accept the plan as well as did the majority of unsecured creditors.[3] The bankruptcy court approved the Plan over the debtor's objection and the instant appeal followed.[4]

## DISCUSSION

It is now well recognized that when a stay of an order confirming a reorganization plan has not been obtained and the plan has been consummated, appeals seeking to attack the confirmed plan may be precluded. *In re Roberts Farms, Inc.*, 652 F.2d 793, 797–98 (9th Cir.1981); *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 841 F.2d 92, 96 (4th Cir.1988); *In re Information Dialogues, Inc.*, 662 F.2d 475, 477 (8th Cir.1981); *In re Revere Copper and Brass, Inc.*, 78 B.R. 17 (S.D.N.Y.1987). This rule is based on general mootness principles regarding the occurrence of events which prevent an appellate court from granting effective relief, as well as the "particular need" for finality in bankruptcy cases. *See In re Onouli–Kona Land Co.*, 846 F.2d 1170 (9th Cir.1988).

The above principles warrant the dismissal of the instant appeal as moot. The record reflects that over two years have passed since the order confirming the plan was entered. This delay is due, in large measure to the debtor's own inaction.[5] More importantly, the debtor did not attempt to obtain a stay pending appeal from the bankruptcy court or from the Panel. Such conduct has been recognized by the Ninth Circuit as "procedural ineptitude" in view of the unambiguous directions of Bankruptcy Rule 8005. *In re Roberts Farms*, 652 F.2d at 795. Additionally, the plan has been fully consummated including transfer of all subject property.

The debtor argues, however, that effective relief is still possible because he only wishes to reverse that portion of the confirmed plan "as it relates to third-parties." Apparently, the debtor is referring to only that portion of the confirmed plan as it relates to Susan Clarke, however, the notice of appeal has named secured parties as well. Such piecemeal reversal of the confirmed plan would be improper under circumstances wherein "implementation of the plan has created, extinguished or modified rights, particularly of persons not before the court, to such an extent that effective judicial relief is no longer practically available." *See Central States*, 841 F.2d at 96.

In the instant case, the plan has been fully consummated including transfer of all subject property (i.e. *see* n. 3 *supra*), and the resulting effect of a piecemeal plan modification on third-parties is unclear. At the time of the confirmation hearing, the record reflects that numerous pending proceedings existed including the nondischargeability action filed by Susan Clarke, as well as the state court property dissolution proceedings, which included claims for unpaid alimony and child support. In reliance on and pursuant to the plan, Susan Clarke agreed to waive all of these claims, and apparently said claims have not been dismissed or extinguished.

Accordingly, based on the facts of the instant case, the unlikelihood that effective relief can be granted by this Panel, as well as the debtor's complete failure to seek a stay pending appeal, this appeal is dismissed.

---

3. The Plan provided that Susan Clarke's one-half of the $45,000 homestead exemption could be used to the extent necessary to pay the general unsecured creditors in full. The Chapter 11 trustee agreed that confirmation of the plan would provide sufficient funds to pay the general unsecured creditors in full.

4. At the subsequent hearing on the debtor's objection to Susan Clarke's claim, the bankruptcy court concluded that the objection was moot since the Plan had been confirmed.

5. The record reflects that during the course of this appeal, the Panel has issued three Conditional Orders of Dismissal seeking to require the debtor to perfect and prosecute this appeal.