**In re ISLANDS BAKERY PARTNERSHIP,**
Debtor.

**STATE OF WASHINGTON, Appellant,**

v.

**ISLANDS BAKERY PARTNERSHIP,**
Appellee.

No. C94–993R.

United States District Court,
W.D. Washington,
at Seattle.

Jan. 27, 1995.

Zachary Mosner, Atty. General's Office, Bankruptcy & Collections Unit, Seattle, WA, for Employment Security Dept. of State of Wash. and Labor & Industries Dept. of State of Wash. and State of Wash.

Jerry Nolan Stehlik, Bucknell & Stehlik, Seattle, WA, for Islands Bakery Partnership.

David R. Riley, Weinstein, Fischer, Riley, Erickson & Wolf, P.S., Seattle, WA, for Frontier Bank.

Diane E. Tebelius, U.S. Attorney's Office, Seattle, WA, Deirdre A. Donnelly, U.S. Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

Bradford Anderson, Stoel, Rives, Boley, Jones & Grey, Seattle, WA, for Forest Marketing, Inc.

Peter H. Arkison, Trustee, Bellingham, WA, for Creditors Committee.

Ozuna Food Products, Inc., pro se.

Michelle Prescott, pro se.

## ORDER GRANTING ISLANDS BAKERY PARTNERSHIP'S MOTION TO DISMISS APPEAL

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on Islands Bakery's motion to dismiss. Having reviewed the motion together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

### I. FACTUAL BACKGROUND

Islands Bakery Partnership ("debtor") was reorganized and emerged from Chapter 11 pursuant to a plan of reorganization ("the plan") that was confirmed on June 1, 1994. The State did not seek a stay pending appeal.

The following facts are undisputed, and have been drawn from the declaration of Sandra Newman, one of the former partners of Islands Bakery Partnership. She is also the current president of Newman Foods, Inc. ("reorganized debtor"), and is the daughter of Richard Newman.

Under the plan the debtor was required to transfer all of its assets to a new corporation. Richard Newman is the sole shareholder of this newly formed corporation and is not a party to this litigation. The former partners of Islands have no ownership interest in the reorganized debtor.

The plan required that the reorganized debtor make several payments to creditors. Between 6–7–94 and 11–08–94 the reorganized debtor made $86,316.59 worth of payments to 52 creditors. Four different classes of creditors were paid. The reorganized debtor has made all payments called for under the plan. According to the State, the first payment was due in October 1994 on a quarterly basis, and there are several years of payments left to be made.

The reorganized debtor was also required to issue a promissory note in the amount of $50,000 to Kirk Diaz—the other former partner of the debtor. Additionally, Richard and Diane Newman were required to give valuable consideration, in the form of a Deed of Trust on 5.1 acres of property, to secure payment to general unsecured creditors. They have also personally guaranteed all payments called for under the plan. The duly executed Deed of Trust and the Guaranty have been delivered to Mr. Peter Arkison, counsel for the Unsecured Creditors Committee. Finally, through a personal guarantee of the purchase price by Richard Newman, the reorganized debtor was able to obtain credit to purchase five delivery trucks worth $150,000.

The State has appealed the Bankruptcy Court's order confirming the reorganization plan.

### II. ANALYSIS

Islands Bakery has brought a motion to dismiss the appeal, as moot, arguing that the reorganization plan has been so far consummated that the court cannot grant effective relief. The question before the court presents a legal issue as the above facts are essentially agreed upon.

■ Where a bankruptcy reorganization plan is confirmed, policy strongly supports a requirement that a stay be obtained if appellate review is not to be foreclosed by mootness. *In re Roberts Farms, Inc.*, 652 F.2d 793, 796 (9th Cir.1981). There is a "particular need" for finality in bankruptcy cases. *In re Clarke,* 98 B.R. 979, 980 (9th Cir. BAP 1989).

■ The court's inquiry into whether a bankruptcy appeal is moot centers around whether the court can fashion effective relief. *E.g. In re Spirtos*, 992 F.2d 1004 (9th Cir. 1993). This inquiry includes determining the following: whether the reorganization plan has been substantially consummated; *In re*

*Clarke,* 98 B.R. at 980; what effect the appeal and reorganization plan will have on third parties that are not before the court; *In re Spirtos,* 992 F.2d at 1007; and whether relief can be granted without creating an "unmanageable, uncontrollable situation" for the Bankruptcy Court. *In re Roberts Farms,* 652 F.2d at 797.

### A. *Substantial Consummation*

■ "Substantial consummation[1]" is a statutory term for determining whether a reorganization plan may be amended or modified by the Bankruptcy Court. Several courts have adopted this terminology in determining whether a bankruptcy appeal is moot. *See In re Jorgensen,* 66 B.R. 104 (9th Cir. BAP 1986); *In re AOV Industries, Inc.,* 792 F.2d 1140 (D.C.Cir.1986), vacated in part, 797 F.2d 1004 (1986).

In this case, all the property of the original debtor has been transferred to the new reorganized corporation. Additionally, the plan has commenced distributions to creditors. *See In re Antiquities of Nevada, Inc.,* 173 B.R. 926, 929 (9th Cir. BAP 1994) (noting the distinction between "transfers" in § 1101(2)(A) and "distributions" in § 1101(2)(C)). Thus, the court concludes that the reorganization plan approved by the Bankruptcy court has been substantially consummated.

### B. *Effect on Third Parties*

■ A finding that a reorganization plan has been substantially consummated does not necessarily mean that an appeal is moot. *In re Chateaugay Corp.,* 10 F.3d 944, 952 (2nd Cir.1993). Thus, the court will evaluate other factors relevant to the mootness issue, such as the effect of an appeal upon third parties.

■ All of the property of the original debtor is in the hands of parties not before this court. Richard Newman, the sole owner of the reorganized debtor, is not a party to this appeal. The case law indicates that an appellate court generally can not fashion effective relief when assets are sold or transferred to third parties. *In re Clarke,* 98 B.R. 979, 980 (9th Cir. BAP 1989); *In re Sun Valley Ranches, Inc.,* 823 F.2d 1373, 1374 (9th Cir.1987). The State argues that "[a]ny reversal on appeal just means that Richard Newman's stock is ripped up, his deeds of trust and guarantee are disposed of, and the debtor goes back to the drawing board to deal with issues resolved on appeal." The State does not offer any advice on how the court can fashion such a remedy.

The state primarily relies on *In re Technical Knockout Graphics, Inc.,* 833 F.2d 797 (9th Cir.1987), which held that a confirmed reorganization plan did not moot the issue of whether pre-confirmation payments to the IRS could be designated to trust fund taxes. The court indicated that because there was a possibility of injury to the IRS if the plan failed, that the government had a need for recourse. *Id.* at 801. However, this case was not an appeal from a confirmation order and there is no indication that the *Technical Knockout* court was concerned with not being able to fashion effective relief.

### C. *Bankruptcy Court Control*

The State also argues that nothing would be different had a stay been granted, but it is clear that Richard Newman, and other third parties, have taken action in reliance on the reorganization plan. For example, pursuant to the plan, the debtor was reorganized, Richard Newman issued a promissory note to Kirk Diaz, and five delivery trucks were purchased by the reorganized debtor.

In sum, relief could not be granted without creating an "unmanageable, uncontrollable situation" for the Bankruptcy Court. *See In re Roberts Farms, Inc.,* 652 F.2d at 797. Steps authorized only by the plan included the transfer of assets to a new entity, the delivery of a promissory notes to Kirk Diaz, securing creditor claims, and cash payments

---

1. Substantial consummation means:
　(A) transfer of all or substantially all of the property proposed by the plan to be transferred;
　(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
　(C) commencement of distribution under the plan.
11 U.S.C. § 1101(2).

to creditors. Several of these transactions involve third parties. The reorganization plan has been so far implemented that the court finds it would be impossible to fashion effective relief for all concerned.

### III. CONCLUSION

Based on the foregoing, Islands Bakery's motion to dismiss is GRANTED.