**Lenda J. WRIGHT, Plaintiff-Appellant,**

v.

**SOUTHWEST BANK,
Defendant-Appellee.**

No. 75–3475.

United States Court of Appeals,
Fifth Circuit.

June 22, 1977.

---

Huey P. Mitchell, Fort Worth, Tex., for plaintiff-appellant.

Bruce W. McGee, Marshall Day, Fort Worth, Tex., for defendant-appellee.

Before GODBOLD, TJOFLAT, and HILL, Circuit Judges.

GODBOLD, Circuit Judge:

The appellant, Lenda Wright, brought this action pursuant to 42 U.S.C. §§ 2000e, *et seq.*, alleging that because of her race she was discharged from employment with the defendant Southwest Bank. The trial court, sitting without a jury, entered findings of fact and concluded that the bank did not racially discriminate against Wright when it fired her. The judgment must be vacated and the cause remanded because the court relied on incompetent evidence.

As the trial of the case drew to a close on April 10, 1975 the trial court requested that the defendant submit additional information comparing the plaintiff's tardy and absence record with those of other bank employees, and told plaintiff's attorney that he would be given an opportunity to refute evidence so submitted. The additional information was mailed to the court some three weeks later on May 1. The evidence, denominated Defendant's Exs. 39, 40 and 41, consisted of summaries of the tardy and absence records of 14 employees, including the plaintiff.[1] Plaintiff notified the court of her objections to this evidence by letter dated May 2.[2] Despite plaintiff's protesta-

---

1. Ex. 39 involved what the bank called an overall ranking of employees on the basis of their absences and tardiness. Ex. 40 summarized employee absence and tardy records over the entire period plaintiff was employed by the bank. In a letter accompanying these exhibits the bank argued that Ex. 40 was based on its Exs. 32 and 37, but neither of these dealt with employee tardiness. Ex. 41 summarized absences and tardies over the same three month period as was used by an EEOC investigator in his report. These summaries were accompanied by copies of the time cards of the employees surveyed, contained in the same envelope with Defendant's Exs. 39, 40 and 41, however they were not marked as exhibits, nor were they referred to in defendant's accompanying letter.

2. Plaintiff stated:
 "And, with regard to the information submitted to you by the Defendant in terms of absentee and tardiness records of other employees who were compared by the EEOC with the records of Lenda J. Wright, I am of the opinion that such information should not be given any weight by you in making your decision in this case for the reason that the information furnished on the whole amounts

tions the court considered this evidence, referred to it in its memorandum opinion, and rendered judgment for defendant on July 15.

The next entry in the record is on September 19, when a hearing was conducted on plaintiff's motion for leave to appeal in forma pauperis. The court then stated:

> Now I want the record to be clear that this Court in no way took into consideration, in arriving at its verdict, any factual information of any kind that was not already in the record, or that had not been put in the record during the course of the trial.

But, except for the late filed evidence, we can find no detailed data in the record concerning the tardiness of the 13 employees other than plaintiff.[3] Plaintiff made timely objection to the late filed evidence.[4] The ex parte admission of Exs. 39, 40 and 41 and the trial court's reliance thereon was reversible error.

 A trial judge sitting without jury is entitled to great latitude concerning the admission or exclusion of evidence, but it is error to accept evidence ex parte because it is inherently unfair to allow one party to put evidence before the court without allowing his opponent the opportunity to test its validity.[5]

█ Admission of the evidence was not harmless error. *See Thompson v. Carley,* 140 F.2d 656 at 660 (CA8, 1944); 7 Moore's Federal Practice ¶ 61.07[3], at 61–29; F.R.E. 103(a)(1), (d); F.R.Civ.P. 61; *see also Hardware Mutual Ins. Co. of Minn. v. C. A. Snyder, Inc.,* 242 F.2d 64, 69 (CA3, 1957); *McComb v. McCormack,* 159 F.2d 219, 227 (CA5 1947); *cf.* II Wright and Miller, Federal Practice and Procedure § 2885, at 282–83 (1973).

The trial court's reliance on the late filed evidence is readily apparent. In its memorandum opinion the court stated:

> At the conclusion of the evidence, the Court requested the attorneys to compile the complete absence and tardy records for the fourteen employees compared by Mr. Rameriz [the EEOC investigator]. The compilation was to include the absences and tardies over both the three year period from 1968 until 1971 and the last quarter of the plaintiff's employment. Defendant's Exhibit 41 revealed that in the final quarter of plaintiff's employment her ratio of tardies per day was approximately twice that of any other employee. Defendant's Exhibit 40 revealed that over the period from September 1968 until May 1971 two employees had worse tardy records and three had worse attendance records. Further, de-

---

to hearsay, is unverified, and ultimately, must be considered extra-juridical [sic]."

**3.** Data as to complainant Wright's tardiness for the entire period of her employment was properly before the court. Plaintiff's Ex. 34; Defendant's Ex. 14. Also in evidence were the time cards of five of the employees listed on defendant's summaries. Plaintiff's Exs. 17–21. These time cards, as relevant to the late filed summaries, covered only the first five months in 1971. Thus, the summaries which encompassed data on 13 employees other than Wright and respectively covered the last three months of Wright's employment and the years 1968 to 1971, were substantially broader than the material properly introduced.

**4.** She objected in her letter of May 2, and reiterated this objection in her affidavit.

**5.** The Federal Rules of Evidence although adopted on January 2, 1975, were not in effect on the date this case went to trial, April 3, 1975. The same result would obtain under Rule 611(a) which provides the trial judge with broad discretion "over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth . . . ."

Aside from the general rule against ex parte evidence, there is a more specific requirement that evidence in the form of a summary is admissible, "provided cross-examination be allowed and the original records are available." *Greenhill v. U. S.,* 298 F.2d 405, 412 (CA5), cert. *denied,* 371 U.S. 830, 83 S.Ct. 25, 9 L.Ed.2d 67 (1962); *Gordon v. U. S.,* 438 F.2d 858, 876–77 (CA5, 1971); *McDaniel v. U. S.,* 343 F.2d 785, 789 (CA5, 1965); *In re Shelley Furniture, Inc.,* 283 F.2d 540, 543 (CA7, 1960); *Pallma v. Fox,* 182 F.2d 895, 902 (CA2, 1950); 4 Wigmore on Evidence § 1230; *see generally,* F.R.E. 1006. Although, as previously discussed, the defendant sent the underlying data to the court, the plaintiff was never presented with an opportunity to test the validity of either the summary or original data.

fendant's Exhibit 39 indicates that the plaintiff is thirteenth of the fourteen employees when compared by combined absences and tardies from 1968 until 1971. Only Harriett Davis, a Caucasian, had a worse combined absence and tardy record than the plaintiff, and she was fired. Opal Woodrum, another Caucasian, had a better combined absence and tardy record than the plaintiff, and she was also fired. Thus, a comparison of all the information indicates that employees with poor combined absence and attendance records were fired regardless of their race. The Court finds that the defendant did not racially discriminate against the plaintiff when it discharged her.

(Footnotes omitted.) Whether the evidence in question persuaded the trial court to make a critical finding of fact it might otherwise not have made, we are unable to say. As previously indicated, defendant's ex parte evidence consisted of summaries which compared the plaintiff's absences and tardiness with those of other employees. Concerning absences, any error was harmless because the attendance records of all the employees involved had been previously introduced into evidence. But the tardiness summaries contain statistics not previously introduced.

In view of the trial court's reliance on the incompetent evidence, we must vacate the judgment and remand the case for the purpose of allowing the trial court to reopen the proceedings and to give the plaintiff opportunity to cross-examine concerning the late filed evidence and to introduce controverting evidence if she desires. Whether the court will receive additional evidence on other issues shall be in its discretion.

VACATED and REMANDED.