**Lenda J. WRIGHT, Plaintiff-Appellant,**

v.

**SOUTHWEST BANK,**
**Defendant-Appellee.**

No. 79–3278.

United States Court of Appeals,
Fifth Circuit.
Unit A

June 16, 1981.

Huey P. Mitchell, Fort Worth, Tex., for plaintiff-appellant.

Day & Day, Bruce W. McGee, Fort Worth, Tex., for defendant-appellee.

Before BROWN, COLEMAN and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal brings Mrs. Lenda Wright's claim of employment discrimination before us for the second time. It is her contention that she was discharged from her janitorial (and partly clerical) position because she is black, that of her former employer that her excessive tardiness and absenteeism were the cause. At trial the district court considered, among much other evidence, certain tabular exhibits furnished by the employer bank after trial at the court's request and showing the comparative absence and tardiness records of Mrs. Wright and fellow employees. In doing so, the court acted under the misapprehension that Mrs. Wright did not dispute their accuracy or object to their consideration. On appeal, and without reaching the merits of her case, we held that this evidence was improperly received ex parte and was relied on by the trial court. We therefore stated:

> In view of the trial court's reliance on the incompetent evidence, we must vacate the judgment and remand the case for the purpose of allowing the trial court to reopen the proceedings and to give the plaintiff opportunity to cross-examine concerning the late filed evidence and to introduce controverting evidence if she desires. Whether the court will receive additional evidence on other issues shall be in its discretion.

554 F.2d 661, 664 (5th Cir. 1977).

■ Correctly interpreting the passage from our opinion quoted above as requiring, at a minimum, that Mrs. Wright be given the opportunity to test and controvert the exhibits in question if they were to be relied on by the court, the court entered its order declining to receive evidence on other issues, limiting proceedings on remand to testing "the competency and admissibility" of the questioned exhibits, and setting a hearing.[1] At that hearing, two of the questioned exhibits were admitted, and one was excluded. The court, however, entered its order reaffirming the earlier judgment, expressly stating that it did so without reference to the questioned exhibits but on the basis of the other record evidence.

In assessing the evidence according to the mode of proof laid down in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court first found that Mrs. Wright established a prima facie case of racial discrimination. This cast on her employer the burden of producing admissible evidence sufficient to permit a trier of fact rationally to conclude that the decision to terminate her had not been motivated by discriminatory animus. *Texas Department of Community Affairs v. Burdine*, —— U.S. ——, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[2]

■ This it did, producing evidence of moderate absence and extreme tardiness by Mrs. Wright on the job. The court found as a fact, for example, that she was tardy on 85 percent of her work days during the three months just before her discharge and one-third of the total number of days she was employed by the bank. Clearly, as the court found, such evidence satisfied *McDonnell-Douglas'* step-two requirement, creating a burden of persuasion on Mrs. Wright to show that the reason for her discharge so "articulated" by the bank was a mere pretext to conceal a true motive of racial discrimination.

---

1. Mrs. Wright complains on this appeal of the refusal of the trial court to reopen the record generally to permit her to introduce additional evidence. For several reasons, this complaint lacks merit. Two will suffice. In the first place, the court merely acted within the bounds of a discretion expressly committed to it by our earlier remand order quoted above. In the second, she had already once been afforded a plenary hearing, at which she had put in such evidence as she wished and rested. There was nothing unfair or improper, therefore, in the district judge's limiting the hearing on remand to matters concerning the questioned exhibits.

2. In this opinion the Court disapproved our earlier authorities, such as *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251 (1977), holding that the employer had the burden of persuasion as well on this issue.

She sought to discharge this burden by introducing the testimony of Mr. Ramirez, an investigator for the EEOC, that certain Caucasian employees of the bank had been retained despite attendance records as bad as or worse than hers and that she received no severance pay. The trial court, noting miscalculations and erroneous assumptions in Mr. Ramirez' testimony, concluded that his results were unreliable and further concluded that Mrs. Wright was denied severance pay because of a bank policy, uniformly applied without regard to race, against making such payments to employees who were discharged. The court then found as a fact, based on all the record evidence other than the questioned exhibits, that the articulated reason was not a pretext for discrimination.

Mrs. Wright contends that this finding is clearly erroneous. It is not, however, since her poor attendance record is clear in the record, and her evidence of disparate treatment of Caucasian employees with similar records was insufficient to carry her burden to prove pretext. The case has therefore gone against her, and her claim for attorneys' fees must also be denied.

AFFIRMED.