**FIRST REPUBLICBANK DALLAS, NCNB Texas National Bank, N.A., Plaintiff–Appellee,**

v.

**GARGYLE CORPORATION, d/b/a Argyle Apartments, Defendant–Appellant.**

**Civ. A. No. CA3–88–2075–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 27, 1988.

David W. Parham and C. Camille Rice of Strasburger & Price, Dallas, Tex., for plaintiff-appellee.

Roger Goldburg and M. Bruce Peele of Brice & Mankoff, Dallas, Tex., for defendant-appellant.

## OPINION

FITZWATER, District Judge.

This appeal from an order of the bankruptcy court lifting the automatic stay presents one dispositive question: whether the bankruptcy court may determine a matter on the basis of an ex parte affidavit where neither the Bankruptcy Code nor Rules expressly permit the procedure. The court concludes the bankruptcy court may not do so. Accordingly, the court vacates the order appealed from and remands the matter for further proceedings.

## I.

First RepublicBank Dallas, N.A. ("First Republic"), the putative forerunner[1] of plaintiff-appellee, NCNB Texas National Bank, N.A. ("NCNB"), posted for a June 7, 1988 nonjudicial foreclosure sale the retail/apartment complex of defendant-appellant, Gargyle Corporation, d/b/a Argyle Apartments ("Gargyle"). Gargyle filed a voluntary chapter 11 petition on June 6, 1988, thus triggering the automatic stay of 11 U.S.C. § 362 and precluding the June 7 foreclosure sale. Thereafter, First Republic moved for relief from the automatic stay. On July 26, 1988, First Republic failed, and the Federal Deposit Insurance Corporation ("FDIC") entered into a transaction that apparently conveyed to NCNB certain rights formerly held by First Republic.

On September 1, 1988, the bankruptcy court conducted a final hearing on the motion to lift stay. At the outset of the hearing, Gargyle's counsel challenged NCNB's standing, asserting that NCNB had not established that it owned the note on which it relied for its right of foreclosure. (Tr. 3–4). The bankruptcy court recognized the validity of the issue, *id.* at 9, and NCNB's counsel indicated that NCNB was prepared to prove it had standing, *id.*

At the conclusion of the hearing, the bankruptcy court found that NCNB had not proven standing or title to the note. *Id.* at 134. The court concluded that "the bank or its successor, FDIC, or otherwise" had a pecuniary interest in the note, was a party in interest, and would be affected by the court's order. The bankruptcy court held, however, that NCNB would be required no later than noon on September 6, 1988—the day scheduled for the nonjudicial foreclosure sale if the automatic stay were lifted—to file an affidavit or affidavits "establishing the chain of title into whomever has the standing and has title to the note, Deed of Trust, any renewals and so forth." *Id.* The court held that it would "subsequently take such action as is necessary to

1. This is a proposition that the bankruptcy judge found not to have been proven and that gives rise to the dispositive question presented by this appeal.

determine whether that's been established and what will happen in this case later as to whether there is a holder of the note of record in this case." *Id.* The court also held that there was cause to lift the stay and that "[t]he stay will be terminated at noon on September 6, 1988." *Id.* at 137. The bankruptcy court then stated that if the bank timely filed the affidavit, Gargyle would be required to deposit a certain sum of money with the court clerk. If the bank filed the affidavit and Gargyle did not deposit the sum, the bank could proceed to foreclose during the afternoon of September 6. *Id.* at 137–38.

The day following the September 1 lift stay hearing, Gargyle filed its notice of appeal and sought and obtained a stay of the bankruptcy court's order. This court permitted NCNB to post the property for the October 4, 1988 foreclosure sale and accelerated the briefing schedule. The court now vacates the bankruptcy court order lifting the stay[2] and remands for further proceedings.

## II.

Gargyle has raised, and the parties have briefed, several procedural and substantive issues pertaining to the bankruptcy court's decision to lift the stay and to permit NCNB to foreclose on the Gargyle property. The court need only reach the first question: whether the court below erred in determining, on the basis of an ex parte affidavit, an issue essential to NCNB's right to relief. The court holds that the bankruptcy court did err and that the error is not harmless.

## A.

The bankruptcy court determined that NCNB had failed at the September 1 hearing to establish its chain of title to the note, deed of trust, and any renewals of those instruments. It decided to permit NCNB to submit an ex parte affidavit by noon on September 6, 1988 in order to fill the evidentiary gap. If NCNB did so, and if Gargyle failed to deposit a sum of money prescribed by the bankruptcy court at the September 1 hearing, NCNB could then foreclose on the Gargyle property. This procedure permitted NCNB immediately to obtain the ultimate relief that it sought by its lift stay motion, yet effectively denied Gargyle any meaningful opportunity to challenge the evidence concerning an essential element of NCNB's claim for relief.

The law of this circuit precludes the use of this procedure under such circumstances. In *Wright v. Southwest Bank*, 554 F.2d 661, 663 (5th Cir.1977), the circuit court held:

> A trial judge sitting without jury is entitled to great latitude concerning the admission or exclusion of evidence, but it is error to accept evidence ex parte because it is inherently unfair to allow one party to put evidence before the court without allowing his opponent the opportunity to test its validity.

(Footnote omitted).[3] The error in admitting such evidence, moreover, is not harmless. *Id.* (citing cases).

In *Wright* the circuit court directed that the complaining party be given the opportunity to conduct cross-examination concerning the late-filed evidence and to introduce controverting evidence if it desired. *Id.* at 664. This court holds that a similar opportunity must be afforded Gargyle.

■ Fed.R.Bankr.P. 4001(a)(1) instructs that a motion for relief from the automatic stay shall be made in accordance

---

**2.** It is unclear from the record whether the bankruptcy court entered a written order in addition to its oral order of September 1. Apparently, the accelerated pace of appeal resulted in this court's issuing a stay order prior to the bankruptcy court's reducing its oral order to writing. The judgment of this court will provide that the September 1, 1988 oral order is vacated.

**3.** Although the Federal Rules of Evidence had not taken effect when the trial court followed the erroneous affidavit procedure, the *Wright* court held that the "same result would obtain under [Fed.R.Evid.] Rule 611(a)." 554 F.2d at

with Fed.R.Bankr.P. 9014.[4] Rule 9014, in turn, provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Although the phrase "after notice and a hearing" does not require a hearing in the absence of a request therefor, *see Cavazos v. Simmons,* 90 B.R. 234, 237 n. 7 (N.D. Tex.1988) (citing 11 U.S.C. § 102(1)(B)), where a party requests a hearing or the bankruptcy court in its discretion decides to conduct a hearing, the bankruptcy court may not receive affidavit evidence without affording the opposing party the rights of cross-examination and contravention.[5] The bankruptcy court violated this standard in granting the lift stay motion, and its order must accordingly be vacated.

### B.

Because, on remand, the bankruptcy court may reach a contrary conclusion on the standing question, the court will not reach the other issues presented by this appeal.

VACATED AND REMANDED.

---

663 n. 5.  The evidence rules apply to the bankruptcy court pursuant to Fed.R.Bankr.P. 9017.

**4.** Fed.R.Bankr.P. 4001(a)(3) permits the granting of ex parte relief from a stay under circumstances not present in the instant case.

**5.** Unless ex parte affidavits are permitted by rule, *e.g.,* Fed.R.Bankr.P. 4001(a)(3), the bankruptcy court must always permit the opposing party to challenge the proponent's affidavits. The bankruptcy court need not, however, conduct a hearing to permit cross-examination or contravention where the rules do not otherwise require one.  For example, Fed.R.Civ.P. 43(e) is made applicable to the bankruptcy court by Fed.R.Bankr.P. 9017.  If not expressly precluded from doing so, the bankruptcy court, without conducting a hearing, may receive Rule 43(e) affidavits and counteraffidavits.  *See by analogy Federal Savings & Loan Insurance Corp. v. Dixon,* 835 F.2d 554, 558–59 (5th Cir.1987) (permitting use of Rule 43(e) affidavits in deciding preliminary injunction motion).  The Rule 43(e) procedure does not run afoul of the court's decision today because, according to that procedure, the opposing party can challenge the proponent's affidavits and submit counteraffidavits of its own.