*This opinion is subject to revision before final publication in the Pacific Reporter*

**2014 UT 43**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

LISA W. ALLRED and MARLIN P. ALLRED
*Appellees,*

*v.*

RONALD J. SAUNDERS, M.D.; RONALD J. SAUNDERS, M.D., PC.;
IHC HEALTH SERVICES, INC. dba AMERICAN FORK HOSPITAL,
*Appellants.*

No. 20120985
Filed October 21, 2014

Fourth District, American Fork
The Honorable Thomas Low
No. 100103761

Attorneys:

Robert D. Strieper, Logan, for appellees

Robert G. Wright, Brandon B. Hobbs, Zachary E. Peterson, Salt
Lake City, for appellant Ronald J. Saunders

Rodney R. Parker, Brian P. Miller, Adam M. Pace, Salt Lake City,
for appellant IHC Health Services, Inc.

David C. Gessel, Tawni J. Anderson, Mark A. Brinton,
Salt Lake City, for amici curiae Utah Hospital Association and
Utah Medical Association

JUSTICE PARRISH authored the opinion of the Court,
in which CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE
NEHRING, JUSTICE LEE and JUDGE RYAN M. HARRIS joined.

Having recused herself, JUSTICE DURHAM did not participate
herein; DISTRICT JUDGE RYAN M. HARRIS sat.

JUSTICE PARRISH, opinion of the Court:

### INTRODUCTION

¶1    This case comes before us on petition for interlocutory review of two discovery orders in a medical malpractice action. Plaintiffs Lisa and Marlin Allred brought suit against American Fork Hospital (Hospital) and Dr. Ronald J. Saunders, alleging that Dr.

Saunders committed malpractice during the course of a lithotripsy procedure he performed on Ms. Allred. Plaintiffs sought discovery of Dr. Saunder's credentialing file from the Hospital, as well as the Hospital's internal incident file concerning the lithotripsy procedure. The Hospital objected, asserting that the peer-review and care-review privileges protected both the credentialing and incident files from discovery. The district court (1) held that the credentialing file was not privileged and ordered the Hospital to produce it and (2) ordered the Hospital to produce the incident file for in camera review pursuant to the reasoning of our court of appeals in *Cannon v. Salt Lake Regional Medical Center, Inc.*, 2005 UT App 352, 121 P.3d 74. Dr. Saunders and the Hospital petitioned for interlocutory review of the district court's order. We granted the petition for interlocutory review and have jurisdiction pursuant to section 78A-3-102(3)(j) of the Utah Code.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    Dr. Saunders performed a lithotripsy procedure on Ms. Allred, using ultrasound to destroy a kidney stone. Ms. Allred alleges that she sustained second and third-degree burns as a result of the procedure. During discovery, the Allreds served a subpoena on the Hospital, seeking production of Dr. Saunders' credentialing file and the Hospital's incident file.[1] Dr. Saunders and the Hospital jointly moved for a protective order and to quash the subpoena, arguing that the documents were privileged pursuant to sections 26-25-1 and 26-25-3 of the Utah Code. The Allreds responded that the statutes on which Dr. Saunders and the Hospital relied were not operative because they had been adopted in violation of the Utah Constitution, which vests the authority to adopt rules of procedure and evidence in the Utah Supreme Court. UTAH CONST. art. VIII, § 4.

¶3    The district court agreed with the Allreds and denied the motion for a protective order. While it recognized that the current version of section 26-25-3, which was enacted in 1994, purported to shield peer-review and care-review records from both discovery and admissibility, it concluded that the 1994 version of section 26-25-3 was inoperative because it had been adopted by the Legislature in

---

[1] The Hospital was originally named as a defendant in the malpractice action, but it was voluntarily dismissed and is no longer a party. As a result, the Allreds sought the documents through a subpoena, instead of through a request for production.

an unconstitutional manner.[2]  It thus relied on the former version of the statute, which created a privilege only for care-review records and which did not extend the scope of that privilege to the discovery process.

¶4     Several months later, Dr. Saunders and the Hospital filed a motion asking that the district court reconsider its order denying the motion for a protective order.  The motion to reconsider was based on the Legislature's amendment to rule 26 of the Utah Rules of Civil Procedure during the time the motion for protective order was under advisement.  Specifically, the Legislature had amended rule 26 by a two-thirds majority vote to add a provision creating both peer-review and care-review privileges and extending the scope of those privileges to the discovery process.  The relevant portion of the amended rule states:

> Privileged matters that are not discoverable or admissible in any proceeding of any kind or character include all information in any form provided during and created specifically as part of a request for an investigation, the investigation, findings, or conclusions of peer review, care review, or quality assurance processes of any organization of health care providers . . . for the purpose of evaluating care provided to reduce morbidity and mortality or to improve the quality of medical care, or for the purpose of peer review of the ethics, competence, or professional conduct of any health care provider.

2012 Utah Laws 2551 (codified at Utah R. Civ. P. 26(b)(1)).  The Legislature directed that the amendment be effective as to all "matters that are pending on or may arise after the effective date of this amendment, without regard to when the case was filed."  *Id.* at 2553.

---

[2] While the Legislature has the constitutional authority to amend the Rules of Procedure and Evidence adopted by the Utah Supreme Court, it may only do so by joint resolution adopted "upon a vote of two-thirds of all members of both houses of the Legislature."  Utah Const. art. VIII, § 4.  That was not the method pursuant to which the Legislature passed the current version of section 26-25-3.  Although section 26-25-3 was adopted by a two-thirds majority, it constitutes an amendment to a *statute*, not an amendment to a *rule of procedure adopted by the Supreme Court.*

¶5 The district court agreed to reconsider the issue, acknowledging that it had been unaware of the 2012 amendments to rule 26 at the time it ruled on the motion for a protective order. However, after considering the amendment, it again denied the motion for a protective order, reasoning that the amended rule 26 was "a rule of procedure and not evidence" and thus could "not create an evidentiary privilege, despite wording that could potentially be read to the contrary." The district court reasoned that "the statute defines the evidence that is subject to the privilege, and the rule defines the extent of that privilege." In other words, the court held that the former version of the statute determines the categories of material that are privileged and the amended rule of civil procedure determines whether the privileged material is immune only from admission into evidence or is also immune from discovery. It concluded that the legislative amendment to rule 26 "extend[ed] the scope of the care-review privilege that was created by [the former version of] Utah Code section 26-25-3" but did not create a new privilege for peer-review materials.

¶6 Applying its ruling to the facts of this case, the district court ruled that Dr. Saunders' credentialing file was not privileged because it did not contain information covered by former section 26-25-3. As to the material contained in the Hospital's incident file, it concluded that the Hospital had made a prima facie showing that the material was privileged under the former version of section 26-25-3, but concluded that "the proper approach for the trial court is to review the incident reports in camera to determine whether the privilege indeed applies to these documents."

¶7 Dr. Saunders and the Hospital sought and obtained interlocutory review of the district court's ruling. They assert that the district court erred when it determined that the amendment to rule 26 did not create a freestanding privilege shielding both the credentialing file and the incident file from discovery. They further argue that the district court abused its discretion when it required the Hospital to submit the incident file for in camera review.

¶8 Because of the interplay between sections 26-25-1 and 26-25-3 of the Utah Code and rule 26 of the Utah Rules of Civil Procedure, we first briefly review these sections and their history as they relate to the 2012 amendment to rule 26. We then examine the Hospital's claims of privilege and conclude that the district court erred when it held that the amended rule 26 did not create an evidentiary privilege. Finally, we take this opportunity to clarify the

4

procedure to be followed by the district court on remand when it considers the propriety of conducting in camera review.

## I. SECTIONS 26-25-1 AND 26-25-3 OF THE UTAH CODE AND RULE 26 OF THE UTAH RULES OF CIVIL PROCEDURE

¶9     Sections 26-25-1 and 26-25-3 of the Utah Code together establish what are commonly referred to as the care-review and peer-review privileges.  Section 26-25-1(1) provides that certain types of information, including interviews, reports, statements, memoranda, and "other data relating to the condition and treatment of any person" may be disclosed to persons and entities specified in subsection (2).  These entities include "peer review committees," "professional review organizations," and "any health facility's in-house staff committee."  UTAH CODE § 26-25-1(2).  But this information may only be disclosed for the limited purposes of (1) "study and advancing medical research, with the purpose of reducing the incidence of disease, morbidity, or mortality" or (2) "the evaluation and improvement of hospital and health care rendered by hospitals, health facilities, or health care providers."  *Id.* § 26-25-1(3).  And the current version of section 26-25-3 states:

> All information, interviews, reports, statements, memoranda, or other data furnished by reason of this chapter, and any findings or conclusions resulting from those studies are privileged communications and *are not subject to discovery, use, or receipt in evidence in any legal proceeding of any kind or character.*

(Emphasis added).  Together, these sections purport to protect information compiled or created during the peer-review or care-review process from both discovery and receipt into evidence.

¶10   Statutory privileges such as those contained in section 26-25-3 are incorporated into rule 501 of the Utah Rules of Evidence. UTAH R. EVID. 501 advisory committee's note ("Rule 501 also accepts all pre-existing statutory privileges, except those inconsistent with these rules.").  However, the prior version of section 26-25-3 did not protect peer-review materials at all and its protection of care-review materials did not extend to protection from discovery.  Rather, the statute stated only that care-review material could "not be used or received in evidence."  UTAH CODE § 26-25-3 (1989); *see also Benson ex rel. Benson v. I.H.C. Hosps., Inc.*, 866 P.2d 537, 540 (Utah 1993) (holding that the former version of section 26-25-3 did not protect care-review documents from discovery, merely from admission into evidence).  Protection from discovery did not come until 1994, when

the Legislature amended section 26-25-3 to extend the privilege to peer-review material and to protect both peer-review and care-review materials from discovery. 1994 Utah Laws 1511.

¶11 Almost two decades later, in *Jones v. University of Utah Health Science Center*, one of our district courts held that the Legislature's 1994 amendment to section 26-25-3 was inoperative. *Jones v. Univ. of Utah Health Sci. Ctr.*, No. 100419242, 2012 WL 602613 (Utah 3d Dist. Ct. Jan. 13, 2012). It reasoned that the 1994 amendment did not shield care-review or peer-review materials from discovery because the Legislature's attempt to do so by means of a statutory amendment violated the separation of powers between the legislative and judicial branches guaranteed by article V, section 1 of the Utah Constitution.[3] *Id.* at para. 27. The *Jones* court concluded that the Legislature's 1994 statutory amendment to the care-review and peer-review privileges was an amendment to a rule of evidence. Therefore, its adoption by the Legislature infringed on the judicial branch's constitutional authority to adopt such rules. *See* UTAH CONST. art. VIII, § 4 ("The Supreme Court shall adopt rules of procedure and evidence to be used in the courts of the state . . . ."). Though the Legislature is empowered to "amend the rules of procedure and evidence adopted by the Supreme Court upon a vote of two-thirds of all members of both houses," *Jones*, 2012 WL 602613, para. 17, that is not the course it followed in 1994 when it amended section 26-25-3. The *Jones* court reasoned that, "according to the plain language of article VIII, section 4, when the Legislature desires to . . . create or expand a rule of evidence it must do so by amending the Utah Rules of Evidence."[4] *Id.* at para. 20.

¶12 Following the district court's decision in *Jones*, the Legislature amended rule 26 of the Utah Rules of Civil Procedure by a two-

---

[3] Article V, section 1 of the Utah Constitution provides:
> The powers of the government of the State of Utah shall be divided into three distinct departments, the Legislative, the Executive, and the Judicial; and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted.

[4] The district court in this case followed the *Jones* court's reasoning when it concluded that the Legislature's 1994 amendment to section 26-25-3 was unconstitutional.

thirds majority to create freestanding care-review and peer-review privileges. The amended rule prohibits the discovery or admission of any information "provided during and created specifically as part" of the care-review or peer-review process. UTAH R. CIV. P. 26(b)(1). It is this amendment to rule 26 that forms the basis for the Hospital's claim of privilege, the claim to which we now turn.

## II. AMENDED RULE 26 CREATES AN EVIDENTIARY PRIVILEGE

¶13 The district court held that Dr. Saunders' credentialing file was not protected from discovery and that the material in the incident file must be submitted for in camera review to determine its discoverability. In evaluating the discoverability of this material, the court relied solely on the former version of section 26-25-3. It did so after concluding that the Legislature's 2012 amendment to rule 26(b)(1) of the Utah Rules of Civil Procedure did not create a new evidentiary privilege covering such files because such privileges may be created only by the Utah Rules of Evidence—not by the Utah Rules of Civil Procedure. We disagree.

¶14 We find no support for the proposition that the Rules of Civil Procedure cannot be the source of evidentiary privileges. Indeed, rule 501 of the Utah Rules of Evidence states:

> A claim of privilege to withhold evidence is governed by:
>> (a) The Constitution of the United States;
>> (b) The Constitution of the State of Utah;
>> (c) These rules of evidence;
>> (d) *Other rules adopted by the Utah Supreme Court*;
>> (e) Decisions of the Utah courts; and
>> (f) Existing statutory provisions not in conflict with the above.

(Emphasis added). Thus, the Utah Rules of Evidence themselves recognize privileges contained in "[o]ther rules adopted by the Utah Supreme Court." These other rules include our Rules of Civil Procedure.

¶15 In fact, rule 26 of the Utah Rules of Civil Procedure creates a number of evidentiary privileges. For example, rule 26(b)(5) creates the attorney work-product privilege:

> A party may obtain otherwise discoverable documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other

7

> party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable without undue hardship to obtain substantially equivalent materials by other means.

We have long recognized rule 26 as the source of this privilege. *See, e.g., Salt Lake Legal Defender Ass'n v. Uno*, 932 P.2d 589, 589–90 (Utah 1997).

¶16   Moreover, the plain language of amended rule 26(b)(1) clearly states the Legislature's intent to create an evidentiary privilege.  It provides, "*Privileged matters* that are *not discoverable or admissible* in any proceeding of any kind or character include all information in any form provided during and created specifically as" part of the care-review or peer-review process.  UTAH R. CIV. P. 26(b)(1) (emphases added).

¶17   Plaintiffs argue that the Legislature's intent in amending rule 26 was not to create a new privilege, but only to maintain the status quo that existed at the time of its enactment.  In support of this position, they rely on the legislative note to the amendment, which states:

> The amended language in paragraph (b)(1) is intended to incorporate long-standing protections against discovery and admission into evidence of privileged matters connected to medical care review and peer review into the Utah Rules of Civil Procedure.  These privileges, found in both Utah common law and statute, include Sections 26-25-3, 58-13-4, and 58-13-5, UCA, 1953.

2012 Utah Laws 2553.  Plaintiffs seize upon this language in arguing that the Legislature did not intend to expand the scope of any privilege beyond that found in the former version of sections 26-25-1 and 26-25-3.

¶18   Plaintiffs' reading of the legislative note is inconsistent with the plain language of the enacted amendment.  Though it is sometimes appropriate to consider legislative history when inter-preting statutes, we will not do so when a statute is, as here, unambiguous. *See State v. Watkins*, 2013 UT 28, ¶ 24, 309 P.3d 209. And in no event will we look to unenacted legislative statements

that contradict the plain text of the enactment.[5] *See Torrie v. Weber Cnty.*, 2013 UT 48, ¶ 12, 309 P.3d 216 ("[I]t is elementary that we do not seek guidance from legislative history and relevant policy considerations when the [rule] is clear and unambiguous." (first alteration in original) (internal quotation marks omitted)).

¶19   We hold that rule 26 is a valid source of evidentiary privileges and that the district court erred when it relied solely on the former version of sections 26-25-1 and 26-25-3 to determine the discoverability of Dr. Saunders' credentialing file and the incident file relating to the procedure performed on Ms. Allred. We therefore vacate the district court's rulings denying the motions for a protective order as to Dr. Saunders' credentialing file and its order that the incident file be submitted for in camera review. We remand both matters to the district court with instructions to consider their discoverability in light of the privilege in rule 26(b)(1) of the Utah Rules of Civil Procedure, as amended by the Legislature in 2012.

### III.  THE PROPRIETY OF IN CAMERA REVIEW

¶20   Dr. Saunders and the Hospital's second claim of error concerns the propriety of the district court's decision to undertake in camera review of the Hospital's incident file. Because we have vacated the district court's order requiring that the Hospital submit the subpoenaed material for in camera review, this claim is moot. Nevertheless, because the parties disagree as to the circumstances under which in camera review is appropriate and because the district court will be required to confront this issue on remand, we give guidance to the district court on this issue.

¶21   The Allreds subpoenaed "[t]he complete and cumulative records and files or case investigation records related directly to the care rendered to Lisa Allred at American Fork Hospital through the month of July 2007." In response, the Hospital offered the affidavit of Karie Minaga-Miya, the Regional Director of Risk Management/Patient Relations for the Hospital. Ms. Minaga-Miya described the electronic event reporting system used by the Hospital

---

[5] In fact, the language of the legislative note does not necessarily contradict the rule. While the note could be read to support the notion that the Legislature did not intend to create a new evidentiary privilege, an equally plausible interpretation is that the Legislature had considered care-review and peer-review documents privileged from discovery since its 1994 amendment to sections 26-25-1 and 26-25-3 of the Utah Code.

in response to an incident. She detailed the process by which information is entered into the system, the individuals allowed access to the system, and the types of information collected in the event reporting system. She also testified that an incident report was prepared after Dr. Saunders' treatment of Ms. Allred, following the same process. Finally, she testified that the purpose of the Hospital's event reporting system was to "assess, evaluate and improve the quality of health care rendered to patients at American Fork Hospital."

¶22   In ruling on the motion for a protective order, the district court applied the former statute and concluded that "if Ms. Minaga-Miya's representations are correct . . . the records—and 'any findings or conclusions resulting' from them—will be privileged from disclosure." Nevertheless, the district court ordered that they be submitted for in camera review. Relying on the court of appeals' decision in *Cannon v. Salt Lake Regional Medical Center, Inc.*, 2005 UT App 352, 121 P.3d 74, it held that Ms. Minaga-Miya's affidavit was too "vague" to allow the court to identify "exactly what information is contained in the records she identifies."

¶23   Dr. Saunders and the Hospital argue that Plaintiffs' subpoena sought information squarely within the ambit of the privilege, rendering in camera review unnecessary. They assert that the court of appeals' opinion in *Cannon* improperly encourages in camera review as the "default approach" and ask that we overrule it in favor of the approach taken by the Massachusetts Supreme Court in *Carr v. Howard*, 689 N.E.2d 1304, 1313 (Mass. 1998), under which in camera review may only be undertaken as a last resort.[6]

---

[6] We disagree with the Hospital's assertion that the holding in *Cannon* defines in camera review "as the default approach." Before ordering that the material at issue be submitted for in camera review, the *Cannon* court analyzed whether the particular evidence submitted in that case was sufficient to establish an evidentiary basis for the claimed privilege. *Cannon v. Salt Lake Reg'l Med. Ctr., Inc.*, 2005 UT App 353, ¶¶ 19–20, 121 P.3d 74. It was only after concluding that the affidavit submitted by the hospital failed to sufficiently identify the nature of the reports at issue that the court ordered in camera review. *Id.* at ¶ 21. To the extent that the dicta in *Cannon* can be read to require in camera review as a matter of course, we disavow it and emphasize the duty of the district court to evaluate each claim of privilege after considering the specific foundational

(continued...)

¶24 Though we agree with Dr. Saunders and the Hospital that in camera review is not appropriate in every case, we do not agree that it should be available only as a last resort. Rather, the determination of whether in camera review is necessary lies in the sound discretion of the district court after it considers foundational material provided by the party seeking to assert the privilege.

¶25 Our rules of civil procedure begin with the presumption that "[p]arties may discover any matter, not privileged, which is relevant to the claim or defense of any party." UTAH R. CIV. P. 26(b)(1). This places the burden on the party asserting a privilege to establish that the material sought is protected from discovery. *See Benson ex rel. Benson v. I.H.C. Hosps., Inc.*, 866 P.2d 537, 540 (Utah 1993). And our rules set forth the procedure by which parties can meet this burden. Rule 26(b)(8)(A) states:

> If a party withholds discoverable information by claiming that it is privileged[,] . . . the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced in a manner that, without revealing the information itself, will enable other parties to evaluate the claim.

¶26 Parties routinely provide privilege logs when asserting that particular documents are privileged from discovery. Such logs allow the party seeking discovery to assess the claim of privilege and object when appropriate. Accordingly, rather than requiring in camera review in every instance, our rules contemplate that a party seeking to withhold relevant, but arguably privileged, material from discovery will prepare and produce a privilege log sufficient to allow the opposing party to evaluate the claim of privilege. The opposing party may then raise any objections to the asserted privilege and the district court may undertake in camera review when, in its sound discretion, it deems such a review necessary to properly evaluate whether the documents or items withheld from discovery qualify for the privilege.

¶27 We emphasize that a proper privilege log must provide sufficient foundational information for each withheld *document* or *item* to allow an individualized assessment as to the applicability of the claimed privilege. For example, in this case, the Allreds subpoenaed "complete and cumulative records and files or case investiga-

---

[6](...continued)
material provided by the parties.

tion records related directly to the care rendered to Lisa Allred at American Fork Hospital through the month of July 2007." Given the breadth of this request and the likelihood that not all of the Hospital's records regarding Ms. Allred will qualify for the privilege, it would be insufficient for the Hospital to simply assert a blanket claim of privilege for *all* documents sought by the subpoena. Rather, the Hospital would need to identify each document or item withheld from discovery and provide sufficient foundational material to establish that each withheld document or item was "created specifically as part of a request for an investigation . . . for the purpose of evaluating care provided to reduce morbidity and mortality or to improve the quality of medical care." UTAH R. CIV. P. 26(b)(1). In short, a sufficient privilege log must contain sufficient individualized information on all withheld documents or items in order to ensure that any non-privileged documents or items (such as patient medical records) that have made their way into a care-review or peer-review file are not shielded from discovery.

## CONCLUSION

¶28    We hold that rule 26 of the Utah Rules of Civil Procedure creates an evidentiary privilege and remand this matter to the district court to consider whether the items contained in Dr. Saunders' credentialing file and the Hospital's incident file are privileged from discovery under the  amended rule 26 of the Utah Rules of Civil Procedure. We also clarify that in camera review is not required in all cases. Rather, parties seeking to withhold arguably privileged material from discovery must create a privilege log identifying each document or item withheld from production and provide sufficient foundational information to allow the court and opposing parties to evaluate the validity of the claimed privilege. The district court may, in its sound discretion, then undertake in camera review of any questionably-withheld material.